# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT, MARCH TERM, 1848.

PHILADELPHIA.

---

## DEPUE v. PLACE.

To permit a signature to be shown to the jury, as a test paper, its genuineness must be directly proved. Hence a number of returns to writs signed by defendant as constable cannot be used for that purpose, where the witness from whose office they issued was unable to identify any particular one which he had seen defendant sign, though he believed them all to be genuine, and had received them as such from the defendant or his messenger.

On a question of the genuineness of a note, the plaintiff's allegations that defendant had given it to him in payment of a particular kind of lumber having been proved by defendant, he may prove the falsity of such declarations.

In error from the Common Pleas of Pike.

*March* 20. Depue brought an action to the use of M. Depue, on a note alleged to have been signed by Place. The defendant alleged the signature was a forgery. The note at the time suit was brought belonged to the legal plaintiff, and his varying declarations of the consideration for the note and the mode he obtained it were proved, but whether made after suit brought, and consequently after the transfer of the note, could not be ascertained from the paper book, and the refusal to rule them out was the first exception. Among other things he said it was given for cherry and curled maple lumber purchased by the defendant. The defendant examined a witness to show he never did purchase so much of that kind of lumber at any one time; this was the second exception.

The plaintiff called a justice of the peace, who stated Place had

428

served as constable in his office. He then produced twenty returns to writs signed " William Place," and said he had no doubt he had seen Place sign some of these; they were handed in and received as returns: but he was unable to specify any particular one which he had seen him sign. He believed there were none of them but were signed and returned by Place personally, or sent by him to the office.

The plaintiff then offered the returns in evidence, but they were rejected, and this constitutes the third and only material error assigned.

*Reeder*, for plaintiff in error.—The rule does not require that the test-paper should have been written in the presence of the witness, but simply that there should be positive proof of its genuineness. Here the documents were official, believed to be genuine, many of them signed in the presence of the magistrate. There could be no doubt the jury would consider them genuine, and to them the question must be referred at last.

*Porter*, contrâ.—The test-paper was sufficiently proved to allow it to go to the jury, had the question been on that, but to furnish a comparison the party must have a paper admitted to be genuine, or produce one directly proved to have been signed by the defendant: Farmers *v.* Whitehill, 10 Serg. & Rawle, 112. In McCorkle *v.* Binns, 5 Binn. 349, a comparison of types of a paper of a different date was rejected, and it was held the newspaper must be proved to have been purchased at the office. The degree of proof must, it seems, be left to the discretion of the court: 1 Greenl. Ev. § 579, 582; Baker *v.* Haines, 6 Whart. 284.

*March* 26. COULTER, J.—There are four bills of exception to evidence, which involve none of the arcana or mysteries of this profession, or any recondite principles of law, but on which quite a galaxy of cases have been brought to bear.

The proposition with which the plaintiff commences is true, unquestionably true, viz. that the declarations of the payee in a note are not evidence after he has parted with his interest so as to prejudice. But then it is indispensable to establish that the declarations were made after the transfer. In the case before us, there was some evidence that the declarations in the bill of exceptions were made after the payee had parted with his interest, but there was much stronger evidence that they were made before the transfer.

As a matter of course, therefore, these declarations were referred to the proper tribunal—the jury. The court would not have excluded them without falling into error. If the learned counsel had requested the court to instruct the jury, that if the declarations were made after the transfer of the note by the payee, of which they were the arbiters, such declarations could not legally prejudice the holder, the court would doubtless have done so.

The evidence covered by the second bill of exceptions, and which was excepted to by the plaintiff, was undoubtedly pertinent and relative; it was directly responsive to the allegations of plaintiff, and conduced to prove that the occasion of giving the note and the alleged consideration for it, as averred by Benjamin Depue, were questionable and colourable fabrications. The testimony was properly admitted.

The third bill of exceptions has the most seeming in it. The allegation by the defendant was that the note was false and simulated. The plaintiff offered to prove by a justice of the peace that the defendant was a constable, who had done business at his office, and brought to the office returns on twenty executions and summonses, which he thought were signed by defendant. He saw him sign some of the returns; couldn't say which, and believed they were all signed by him; that he had seen him write and knew his signature. The papers were then offered, to prove the signature to the note, by a comparison with the signature to the returns, and the court rejected the returns as evidence.

There is no doubt but that comparsion of handwriting is one mode of authenticating a signature, but it is an uncertain, dangerous, and questionable mode, and only to be used or relied upon in aid and as ancillary to more direct evidence: 10 Serg. & Rawle, 110; 5 Bin. 349. When the identity of any thing is fully and certainly established, you may compare other things with it, which are doubtful, to ascertain whether they belong to the same class or not, but when both are doubtful and uncertain, comparison is not only useless as to any certain result, but clearly dangerous and more likely to bewilder than to instruct a jury. In Baker v. Haines, 6 Whart. 284, it was ruled by this court that the test or standard paper must be established by evidence, that a person saw the party write the signature, or that the party had admitted the signature to be his. In the case at bar, the witness said he believed he had seen the party sign some of the returns, but which he could not say. If he could not tell, it would be asking rather too much from the court and jury to determine, upon their responsibility, which

of them. The evidence offered was not within the rule, and was rightfully rejected.

The evidence covered by the next bill of exceptions was so clearly an offer to compromise and pay part, on account of the uncertainty, (as the party expressed it of the law,) and the vexation and trouble of mind incident to a lawsuit; was so clearly a proposition of compromise, and looks so little like an admission of any thing being due, that I am only surprised that it was brought up to this court for decision. The evidence was properly ruled out.

The last bill of exceptions embraces evidence similar to that covered by the second bill of exceptions. There needs nothing to be said about it here, further than that there is nothing in it.

Judgment affirmed.