## Merkel's Appeal.

1. Advancement is a question of intent; that intent must be proven to have existed at the time of the transaction and by the contemporary acts and declarations of the parties.

2. Verbal declarations of a parent that money for which he held a note or bond against a child, was intended as an advancement, are insufficient to establish it. They must be shown to be a part of the *res gestœ* and accompany the acts done.

3. If, however, there be evidence of acts done or declarations made at the time of the transaction, tending to prove that the money was so intended by the father, his subsequent acts and declarations in recognition of the original act and intention, are entitled to weight.

March 6th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, WOODWARD, TRUNKEY and STERRETT, JJ. PAXSON, J., absent.

Appeal from the Orphans' Court of *Berks county:* Of January Term 1879, No. 182.

Appeal of Jonathan Merkel, surviving executor of D. W. Dietrich, deceased, from the decree of the court (Sassaman, J.,) sustaining the exceptions to and reversing the report of the auditor appointed to determine whether a certain note presented against the estate of said D. W. Dietrich, deceased, was a debt or an advancement. The facts are stated in the opinion of this court.

*Hiram T. Kaufman,* for appellant.—Advancement is a question of intention : Lawson's Appeal, 11 Harris 85 ; and of this intention, the declarations of the parent at the time, or afterwards, are evidence : Daniel King's Estate, 6 Whart. 370 ; Riddle's Estate, 7 Harris 431 ; Harris's Appeal, 2 Grant 304.

In the case at bar were not the declarations of the father, the petition for an order of sale, and the conditions of sale sufficient to warrant the auditor in finding that it was the intention of the father that the note of $1500 should be regarded as an evidence of an advancement, and not of a debt ?

*H. H. Schwartz,* for appellee.—The subsequent declarations are not sufficient to overthrow the presumption that the note was a debt. The intent to make the note an advancement must be shown to have existed at the time it was made.

Mr. Justice MERCUR delivered the opinion of the court, May 5th 1879.

A single question is presented by this record. It is whether the note of $1500, given by Daniel W. Dietrich to Benjamin Dietrich, was intended as an acknowledgment of an advancement to the former, or as an obligation of indebtedness, the payment of which might be required ? The auditor found that it was designed by the parties thereto as a recognition of an advancement. On exceptions

to his report the court overruled his finding and decreed it to be a debt. This is assigned for error.

An advancement is an irrevocable gift by a parent to a child of the whole or part of what it is supposed the child will be entitled to on the death of the parent intestate: Eshleman's Appeal, 24 P. F. Smith 42. Both parties to the note died before the present contention arose. The case therefore lacks much express and direct testimony that could have been given by them. A conclusion must now be reached from a consideration of what is proven to have transpired at the time of its execution, and the reasonable and natural conclusion flowing from the subsequent acts and declarations of the parties to the transaction.

On the 4th of April 1873, Benjamin Dietrich, the father, in consideration of $7610.11, conveyed to Daniel W. Dietrich, his son, a certain farm. The son gave to his father three instruments of writing of the same date, of the following amounts, to wit: a bond, payable April 1st 1874, for $3950, with interest at five per cent.; another bond for $1500, with interest payable annually, to Benjamin during his life, and after his death, annually to his widow Anna, during her life, and at her death, the principal sum to his legal representatives; a note for $1500, payable on demand without interest, and the residue of the consideration in cash. This last note represents the claim in question. Prima facie, then, the note is a promise to pay money. The evidence relied on to remove this presumption consists of several parts and kinds. The form of the note is a circumstance. It does not bear interest, nor is it payable on any specific day. Standing by themselves alone these circumstances would not in the slightest degree impair its validity as a note; yet the other evidence in the case tends to show that it was so written to hold as evidence of an advancement. Besides if designed as an actual payment of part of the consideration for the land, no reason is shown why it should not have drawn interest. Daniel lived nearly three years thereafter, yet it does not appear that any demand was ever made on him for its payment, or that he recognised it as an existing claim for him to pay.

On the hearing before the auditor it was shown that the deed, and such other writings as were executed at the time of making the conveyance, were drawn by Solomon Dreibelbis, a justice of the peace, at the request of Benjamin Dietrich. A receipt purporting to have been executed on the same day, and claimed to have been given by Daniel to Benjamin, was given in evidence. It reads as follows, to wit:

"Received, Greenwich, April 4th A. D. 1873, of Benjamin Dietrich the sum of one thousand five hundred dollars, on account and part of the inheritance which is to come to me of the said Benjamin Dietrich.

"$1500.          (Signed)          DANIEL W. DIETRICH."

The testimony of Dreibelbis establishes that the receipt is in his handwriting, and we think with reasonable certainty, that he must have drawn it at the same time he drew the other writings. Beyond this, his want of memory throws very little light. He does not recollect seeing it signed. The evidence fails to disclose who took possession of the receipt or its whereabouts until it was shown to be in the hands of Daniel's administrator, two or three months before the audit. Daniel died on the 2d of March 1876, and letters of administration on his estate were issued to Benjamin Dietrich and the appellant. Benjamin died on the 8th of March 1877. Joseph Kutz testified that after Daniel's death, Benjamin told him "that he had left standing in the property $1500, on account of his son Daniel's inheritance." Peter Dietrich testified that in a conversation which he heard between Benjamin and the widow of Daniel, Benjamin said that $1500 would remain in the property belonging to Daniel's estate. Henry W. Dietrich, a brother of Daniel's, testified that, in part payment of the bond of $3950, Daniel gave a note of $1500, which his father gave to him (Henry), "for the purpose of keeping my brother Daniel and myself alike." As Henry neither paid, nor agreed to pay, anything for this note, the only reasonable construction to put on that language is, that the father thereby declared he had already advanced Daniel to that amount, and therefore made an advancement of equal amount to Henry. This evidence comes from one testifying against his interest, as he now claims to hold the note in controversy against Daniel's estate.

Still further, in August 1876, Benjamin united with his co-administrator, in an application to the Orphans' Court for an order to sell the real estate of Daniel for the payment of his debts. They therein set forth a list or statement of the debts of said Daniel, deceased, and swore it was just and true to the best of their knowledge and belief. That statement included, inter alia, the note of $1500 then due to Henry W. Dietrich, and the bond held by Benjamin; but did not in any manner mention the note of $1500 now in question. This omission of Benjamin to mention it as a part of the indebtedness of Daniel due to himself, when his sworn duty required him to present a true statement, is only reconcilable with the fact that he did not then consider it an indebtedness. It is true, under objection, the appellee gave some parol testimony, with the view of destroying the effect of this omission, that soon after the petition was sworn to, Benjamin declared he had another claim of $1500 against the estate. It appeared, however, he stated in the same conversation, that at the time of the execution and delivery of the deed, he had given Daniel $1500 on account of his inheritance; but that Daniel, in a day or two thereafter returned and gave him a note. This evidence wholly fails to show any reason for not stating it, as a debt, in the petition. It admits that,

[Merkel's Appeal.]

at the consummation of the purchase, it was agreed the $1500 should remain as an advancement; but seeks to change the effect of that agreement by alleging a subsequent one. This statement by Benjamin of a subsequent contract is insufficient to establish one. It was not made in the presence of Daniel, but after his death. Nor can the fact that Benjamin assigned the note to Henry on the 6th of February 1877, without recourse, affect the character which had been impressed on the instrument during the life of Daniel.

Advancement is a question of intent. That intent must be proven to have existed at the time of the transaction and by the contemporary acts and declarations of the parties. Verbal declarations of a parent that money, for which he held a note or bond against a child, was intended as an advancement, are insufficient to establish it as such. They must be shown to be a part of the *res gestœ*, and accompany the acts done. If, however, there be evidence of acts done or declarations made at the time of the transaction, tending to prove that the money was then so intended by the father, his subsequent acts and declarations in recognition of the original act and intention are entitled to weight. The acts of the parties at the time of the conveyance, recognised and confirmed by the subsequent acts and declarations of the father, are amply sufficient to justify the conclusion that the money mentioned in the note was, at the time of its execution, intended as an advancement. There is no competent evidence of any contract afterwards to change its effect. The learned judge therefore erred in decreeing otherwise.

> Decree reversed at the cost of the appellees, exceptions to the auditor's report dismissed and his report confirmed.