# Kirby's Appeal.

Advancement is a question of intention, and the signing of a state-
ment that a certain sum of money due the decedent was advanced by
him, is sufficient evidence of such intention to convert the indebtedness
into an advancement.

February 11th, 1885.  Before MERCUR, C. J., GORDON,
PAXSON, TRUNKEY, STERRETT and CLARK, JJ.  GREEN, J.,
absent.

APPEAL from the Orphans' Court of *Chester county:*  Of
January Term, 1885, No. 33.

Appeal of Matthias Kirby and Ann Kirby, his wife, in right
of said Ann, from the decree of the said court, making dis-
tribution of the estate of Jacob Murray, deceased.

Before the Auditor appointed to report distribution, the
facts of the case appeared to be as follows :   Jacob Murray
died February 17th, 1883, intestate, leaving seven children,
among whom was Ann, who intermarried with Matthias Kirby.
A balance of $4,482.38 was shown in the hands of the admin-
istrators.   On April 1st, 1882, decedent took from Matthias
and Ann Kirby a single bill for $1,032.50, and shortly before
his death signed the following entry, written by a justice of
the peace, called in for the purpose, in a small account book :—

April 1, 1882, my daughter Ann and her husband Matthias
Kirby, Dr. to me in the sum of $1,032.50, ten hundred and
thirty-two dollars and fifty cents, which I advanced to them,
for which I hold their notes.                    JACOB MURRAY.

Testimony was produced showing that Ann Kirby had ad-
mitted receiving the money at various times before the bill
was given, and that she had gotten as much as her share of
her father's estate.   The Auditor reported distribution, treat-
ing the $1,032.50 as an advancement, and not including Ann
Kirby as having received more than her share of the estate.
Exceptions were filed by appellants, because the Auditor held
said sum an advancement and not a debt, and because he did
not award to Ann Kirby her full share.

The court, FUTHEY, P. J., dismissed the exceptions and
confirmed the report, whereupon complainants took this appeal,
assigning for error the action of the court.

*R. T. Cornwell* (with him *I. N. Wynn*), for appellants.—
Where there is an obligation to pay there can be no advance-
ment :  Hughes's Appeal, 7 P. F. S., 181 ; Miller's Appeal, 4

[Patterson v. Roberts.]

Wr., 60 ; Roland *v.* Schrack, 5 Casey, 125 ; Porter *v.* Allen, 3 Barr, 390 ; Levering *v.* Rittenhouse, 4 Whar., 137 ; Morr's Appeal, 30 P. F. S., 427 ; Merkel's Appeal, 8 Norr., 340 ; Kreider *v.* Boyer, 10 Watts, 54.

*Wm. M. Hayes,* for the appellees.

The opinion of the court was filed February 23d, 1885.

PER CURIAM.   Advancement is a question of intention. The evidence in this case to prove this was so intended is clearly sufficient.   The father so declared his intention in writing, and subscribed his name to the declaration.   He had an undoubted right to change a debt due from the appellant to him, to an advancement, if it had not been so understood before.   There was, however, evidence that the body of the paper showing the advancement was copied from a writing previously made.   This case must not be confounded with an attempt to change a gift into an advancement.   Here there had never been any gift.   The written language used admits of one construction only.   It establishes an intention to change the indebtedness to an advancement :   Merkel's Appeal, 8 Norris, 340.   The declarations of the appellant show she understood that she had received the money as such.

Decree affirmed and appeal dismissed at the costs of the appellants.