## Allen's Estate.

| 207 | 325 |
| 25 SC | ¹231 |

| 207 | 325 |
| d 27 SC ² | 74 |

| 207 | 325, |
| 37SC | ¹573 |

*Evidence—Competency of witness—Act of May* 23, 1887, *P. L.* 158.

Since the passage of the Act of May 23, 1887, P. L. 158, competency of witnesses is the rule, incompetency the exception. Departures from the common-law rules of evidence are for the legislature, and when so made, inequalities, real or apparently so, resulting from the legislative removal of the disqualifications of witnesses, cannot be urged as reasons why judges ought not to read the words of legislators as they are written.

*Evidence—Competency of witness—Advancements—Gifts.*

Where a father in his lifetime has transferred or conveyed property to a son as a gift or an advancement, such property does not upon the father's death pass to the father's estate, and the son is not within the incompetency of clause (*e*) of section 5 of the Act of May 23, 1887, P. L. 158, which will prevent him from testifying as to matters occurring in his father's lifetime connected with the gift or advancement.

*Evidence—Competency of witness—Contract—Advancement.*

At the audit of an administrator's account it appeared from the evidence of a son of the decedent corroborated by other witnesses, that the decedent had agreed that if his son should give up his business, move to a farm, make his home there where he would be near his father, and assist the latter in such matters as the latter might desire assistance, the father would purchase the farm and make a gift of the same to the son; the son did all that his father required of him, and the conveyance was made a few days before the death of the father. *Held* that the transaction between the father and the son was not an advancement.

Argued Oct. 14, 1903. Appeal, No. 131, Oct. T., 1903, by Jessie A. Jameson, from decree of O. C. Mercer Co., June T., 1900, No. 9, dismissing exceptions to auditor's report in estate of Francis Allen, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, and POTTER, JJ. Affirmed.

Exceptions to report of W. W. More, Esq.

From the auditor's report it appeared that Francis Allen died on July 14, 1897, leaving to survive him a widow and two children, Charles D. Allen and Jessie A. Jameson, both of full age. Letters of administration were issued to the children. The widow died on January 26, 1900. The decedent was not indebted to his children. Before the auditor it was shown that prior to the decedent's death he had conveyed to his son a farm known as the Hofius farm for the expressed consideration of

one dollar. It also appeared that the son had received from his father in the latter's lifetime a large amount of money in cash. Charles B. Allen was called as a witness in his own behalf, and under objection on the part of his sister, testified fully as to matters that occurred between himself and father as to the conveyance of the farm, and as to moneys which he had received. The facts as to the conveyance of the farm are stated in the opinion of the Supreme Court.

The auditor held that the son was a competent witness, and that the farm conveyed to him should be considered as an advancement.

On exceptions to the auditor's report, the court in an opinion by MILLER, P. J., sustained the auditor in finding that Charles B. Allen was a competent witness, but reversed the auditor's finding that the conveyance of the farm was an advancement.

*Errors assigned*, among others, were in holding that Charles B. Allen was a competent witness, and in reversing the auditor's finding that the conveyance of the farm was an advancement.

*J. Norman Martin*, for appellant.—Charles B. Allen was not a competent witness: Gyger's App., 74 Pa. 42; Baldwin v. Stier, 191 Pa. 432; Rudolph v. Rudolph, 17 Pa. Superior Ct. 558; Yeakel v. McAtee, 156 Pa. 600.

The thing in action is not the distribution of the estate, but is the question of the amount advanced to Charles B. Allen. The question of advancement is not collateral to distribution, but is a matter that must be determined before distribution is decreed: Lentz v. Hertzog, 4 Wharton, 520; Miller's App., 31 Pa. 337; Dutch's App., 57 Pa. 461; Storey's App., 83 Pa. 89; Eshleman's App., 74 Pa. 42; Watson v. Watson, 6 Watts, 254; Blanchard v. Com., 6 Watts, 309; Hughes's App., 57 Pa. 179; High's App., 21 Pa. 283; Mast's App., 40 Pa. 24; Kirby's App., 109 Pa. 41; King's Est., 6 Wharton, 370.

*Q. A. Gordon*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 4, 1904:
Francis Allen died intestate July 14, 1897, leaving to sur-

vive him a widow, Elizabeth Allen, and two children, Charles B. Allen and Jessie A. Jameson, wife of David Jameson. Letters of administration on his estate were issued to his children. The widow died before distribution, and, by agreement, the whole estate was distributed directly to the two children, instead of awarding one third, in the first instance, to an administrator of their deceased mother. The controversy on distribution is confined to the two children and is limited to the contention of the daughter that the son ought to be charged with what she alleges were advancements made to him by their father.

We have carefully examined all of the testimony taken before the auditor, and, if Charles B. Allen was a competent witness in his own behalf, as held by the auditor and court below, there is no finding or legal conclusion of the auditor that ought to be disturbed, except the one corrected by the court in sustaining the son's third exception to the report. It was, that the auditor erred in charging as an advancement against him the sum of $8,000, the alleged value of the Hofius farm and the improvements made on it by the decedent. We regard the competency of Charles B. Allen as the only legal question for our determination on this appeal from the decree of distribution.

Since the passage of the act of 1887 competency is the rule; incompetency the exception. Departures from the common-law rules of evidence are for the legislature, and, when so made, inequalities, real or apparently so, resulting from the legislative removal of the disqualifications of witnesses, cannot be urged as reasons why judges ought not to read the words of legislators as they are written.

Section 4 of the Act of 1887, P. L. 158, is: "In any civil proceeding before any tribunal of this Commonwealth, or conducted by virtue of its order or direction, no liability merely for costs nor the right to compensation possessed by an executor, administrator or other trustee, nor an interest merely in the question on trial, nor any other interest, or policy of law, except as is provided in section 5 of this act, shall make any person incompetent as a witness." The clause in section 5 under which the appellant objects to the competency of her brother is (e). Its words are: "Where any party to a thing

or contract in action is dead, . . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record, who represents his interest in the subject in controversy, shall any surviving or remaining party to such a thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . . be a competent witness to any matter occurring before the death of said party;" but among other exceptions to this rule of disqualification the following occurs in the same clause : "Unless the issue or inquiry be devisavit vel non, or be any other issue or inquiry respecting the property of a deceased owner, and the controversy be between parties respectively claiming such property by devolution on the death of such owner, in which case all persons shall be fully competent witnesses." ·

It is not pretended that Charles B. Allen owes the estate of his father anything. Not a single item with which the appellant would charge him is alleged to be a debt due by him to the estate. She concedes that whatever was received by her brother from their father was a gift or an advancement. If this is so, whatever the father gave or advanced could not have been recalled by him, and when he died he had no right or interest in anything so given or advanced that could have passed to his estate. "An advancement is an irrevocable gift by a parent to a child, of the whole or part of what it is supposed the child will be entitled to upon the death of the parent, who afterwards dies intestate :" Eshleman's Appeal, 74 Pa. 42 ; Merkel's Appeal, 89 Pa. 340. Francis Allen had "parted with all interest in the property, whether the transaction was either a gift or an advancement. So far as his interest is concerned it is immaterial whether the transfer was by way of gift or advancement :" Thornton on Gifts and Advancements, 578. Whether what the son received from the father be regarded as gifts or advancements, no right of the father thereto or therein passed, either by his own act or by the act of the law, to a party on the record; and the son was not, therefore, within the incompetency of clause (e), section 5, of the act of 1887.

If what the father gave the son had really been advancements, and the son, on distribution, could be charged with them, they formed, as stated, no part of the property or estate of the decedent at the time of his death. As to what he

actually did leave there is no dispute, and there can be none
in the eye of the law.   What is in the hands of the adminis-
trators, according to their account, is what he left.   The issue
in the court below relates to it alone and is as to the proper
distribution of it.   The son and the daughter each claim half
of it as having come to them by devolution upon the death of
their father; but even if advancements could be treated as a
part of the property of a decedent dying intestate, each of these
children is a competent witness, on distribution, as to anything
occurring in the lifetime of their father, for the words of the
act are, if " the issue or inquiry be devisavit vel non, or be
any other issue or inquiry respecting the property of a de-
ceased owner, and the controversy be between parties respec-
tively claiming such property by devolution on the death of
such owner, in which case all persons shall be fully competent
witnesses."   By this provision son and daughter can both
speak, and each did, of matters occurring before their father
died.   We are not prepared to say that the statute has worked
any inequality between them, but, if it has, it is not for us
to make them equal.

We concur in the view of the learned judge below, that
the conveyance of the Hofius farm to the appellee ought not
to be regarded as an advancement.   Of it he says :  " The evi-
dence, to our mind, is conclusive that Francis Allen agreed
with Charles B. Allen, his son, that if he would give up his
business in Sharpsville, move on to the Hofius farm, make his
home there where he would be near him, and assist him in
such matters as he might desire assistance, he would purchase
the Hofius farm and make a gift of the same to him.   The
auditor also found :  ' That Charles B. Allen faithfully carried
out his part of the arrangement, and did all that his father
required of him, and that the conveyance was finally made in
pursuance of this original plan a few days before the death of
Francis Allen clearly appears from the evidence in this case.' "
The son's testimony as to what induced his father to deed him
this farm is corroborated by Steere, Flowers, Carnes and
Zimmerman, and the finding of the auditor, that it ought to
be treated as an advancement, is untenable.   The court below,
in sustaining the third exception to the report of the auditor,
inadvertently fixed the value of the farm at $5,419, instead of

$8,000. The latter amount is the sum charged against the appellee by the auditor, which is directed to be stricken out. So modified, the decree is affirmed at appellant's costs.