## Fuller's Estate.

*Wills—Issue devisavit vel non—Probate—Refusal of issue—Evidence—Handwriting—Expert.*

An issue devisavit vel non will not be granted where a verdict against the will on the evidence submitted would have to be immediately set aside by a trial judge. This rule applies not only to an application for an issue on the ground of lack of testamentary capacity or undue influence, but also to a case where the testimony of two expert witnesses in handwriting is practically all that is opposed to positive proof of the execution of the will or the evidence of a cloud of witnesses, familiar for years with the handwriting of the deceased, that the signature is genuine.

Experts are received to testify whether a writing is a real or a feigned hand, and may compare it with other writings already in evidence in the issue; but upon this kind of evidence very little, if any, reliance ought to be placed.

Argued May 12, 1908. Appeal, No. 105, Jan. T., 1908, by Harriet R. Anderson, from decree of O. C. Fayette Co., Dec. Term, 1906, No. 130, dismissing petition for issue devisavit vel non in Estate of William B. Fuller, deceased. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Petition for issue devisavit vel non.
The opinion of the Supreme Court states the case.

*Error assigned* was the decree refusing the issue.

*D. E. Mitchell*, of *Griffith & Mitchell*, and *John G. Johnson*, for appellant, cited: Robinson v. Robinson, 203 Pa. 400; Cozzens's Will, 61 Pa. 196; DeHaven's App., 75 Pa. 337; Schwilke's App., 100 Pa. 628; Knauss's App., 114 Pa. 10; Howard Express Co. v. Wile, 64 Pa. 201; Lotz v. Reading Iron Co., 10 Pa. C. C. Rep. 497; Pusey v. Ledward, 1 Del. Co. Rep. 185; Evans v. Bitner, 4 Lancaster Bar, No. 15; Sharpless's Est., 134 Pa. 250.

*W. E. Crow*, of *Crow & Shelby*, for appellee.—Fow's Est., 147 Pa. 264; Tallman's Est., 148 Pa. 286; Pensyl's Est., 157

Pa. 465 ; Foster's Est., 142 Pa. 62 ; Graham's App., 61 Pa. 43 ; Cozzens's Will, 61 Pa. 196 ; De Haven's App., 75 Pa. 337; Schwilke's App., 100 Pa. 628 ; Knauss's App., 114 Pa. 10.

OPINION BY MR. JUSTICE BROWN, June 23, 1908:

It is hardly conceivable that, on the testimony offered by the appellant in support of her application for an issue devisavit vel non, any jury would return a verdict against the will, and it is certain that such a finding would be promptly set aside by a trial judge. We have repeatedly said that, in every such case, the issue should be refused, and while we have usually said so in connection with an application for an issue on the ground of lack of testamentary capacity or undue influence, there is no reason why the rule should not apply when the testimony of one or two experts is practically all that is opposed to positive proof of the execution of the will or the evidence of a cloud of witnesses, familiar for years with the handwriting of the deceased, that the signature is genuine. "Experts are received to testify, whether the writing is a real or a feigned hand, and may compare it with other writings already in evidence in the issue. . . . But upon this kind of evidence learned judges are of the opinion that very little, if any, reliance ought to be placed:" 1 Greenleaf on Evidence (15th ed.), sec. 580, note.

In the present case all that was presented to the court below by the appellant, when she announced her testimony closed, was the opinion of two alleged experts in handwriting, neither of whom had ever seen the deceased. These two witnesses—the greater portion of the testimony of one of them being his exploitation before the court of his own importance—testified that in their opinion W. B. Fuller had not signed the will. There was no dispute that the body of it was in his handwriting, and, as against the opinion of the two experts, the appellee—first called as a witness by the appellant—testified that her husband had made and delivered the will to her. This was proof of its actual execution by him. She further testified that after his death, she gave it to her brother-in-law, F. M. Fuller, in whose possession it remained until he died. In this she is corroborated by his widow, Sarah Fuller, who testified that she saw the appellee give the will to her husband within a few days after W. B. Fuller's death, and that it bore his genuine signature. Min-

nie Wyatt testified to the same effect. Thirteen witnesses, who had known W. B. Fuller for years and had frequent opportunities to become acquainted with his handwriting, testified that the signature to the will was genuine. Some of these witnesses testified against their own interest. In addition to this the court had before it, for comparison with his signature, eighteen admittedly genuine signatures of William B. Fuller to checks and notes, and its conclusion from the comparisons was that W. B. Fuller had signed the will. The delay of the appellee in admitting it to probate is explained by her statement that F. M. Fuller, her coexecutor, had so advised for business reasons, and the deputy register of the county testified that F. M. Fuller, shortly before his death, had called and arranged for the probate of the will.

The only support given to the experts was the testimony of a witness who was discovered after the testimony on each side had been announced as closed. She stated that several weeks after the death of W. B. Fuller the appellee had said to her that he had made a will, but had failed to sign his name to it. Of the testimony of this witness the learned judge below very properly said, " Coming in the manner and at the time it does it has not convinced us that the testimony of Mrs. Amanda Fuller and Miss Wyatt is false," and concluded that the will and signature, in comparison with the other writings and signatures produced, indicated to an ordinary mind that they were written by the same hand. An appeal could not well have less merit than this and it is dismissed at appellant's costs.