# Kotz, Administrator, v. Smith, Appellant.

*Decedents' estates—Gifts by decedent—Validity—Equity—Accounting.*

1. Where in a suit in equity by an administrator to recover from the daughter of plaintiff's decedent money which plaintiff claimed belonged to decedent's estate, the sole defense was that deceased had made a gift of the money claimed by defendant, but where other testimony did not clearly and affirmatively show the transaction of the alleged gift to have been the free and intelligent act of the decedent, fully explained to him and performed by him

with a thorough understanding of the consequences, a decree for plaintiff was proper.

*Evidence—Witnesses—Party dead—Competency.*

2. In such case the defendant was not a competent witness to establish the gift.

Argued March 7, 1916.  Appeal, No. 321, Jan. T., 1915, by defendant, from decree of C. P. Northampton Co., Nov. T., 1914, No. 3, in equity, requiring defendant to pay a sum of money to plaintiff, in case of William C. Kotz, Administrator of the Estate of Edward Kotz v. Lillie A. Smith.  Before BROWN, C. J., STEWART, MOSCH-ZISKER, FRAZER and WALLING, JJ.  Affirmed.

Bill in equity to require defendant to pay a sum of money claimed by plaintiff as the property of his decedent's estate.  Before BRODHEAD, J.

The opinion of the Supreme Court states the facts.

The court awarded the relief prayed for.  Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Robert A. Stotz,* with him *Floyd B. McAlee,* for appellant.

*Herbert F. Laub,* of *Smith, Paff & Laub,* with him *Harry D. Kutz,* for appellee.

PER CURIAM, April 17, 1916:

The bill in this case was filed for the purpose of recovering from the defendant moneys which the plaintiff claims as part of the estate of the decedent, of which he is the administrator.  The sole defense of the appellant is that the decedent, her father, had made a gift to her of the moneys claimed by his personal representative. The learned court below correctly held that she was not

a competent witness to establish the gift.   In Allen's Estate, 207 Pa. 325, cited as an authority in support of her competency, it was conceded that the father had made a gift or advancement to his son, and his estate having no right or interest in what had been so given or advanced, the son was not a person whose interest was adverse to the right of his deceased father.   The interest of this appellant is adverse to a right asserted by the personal representative of a deceased person.   After reviewing the competent testimony offered by appellant, the learned chancellor below correctly concluded:   The competent testimony offered by the appellant did "not clearly and affirmatively show the transaction of the alleged gift to have been the free and intelligent act of the decedent, fully explained to him and performed by him with a thorough understanding of its consequences." We have not been convinced that this was an erroneous conclusion, and the decree is, therefore, affirmed at appellant's costs.