# Brahm's Estate.

*Decedents' estates—Advancements—Loans — Mother and son — Intention—Rebutting inference of advancement.*

1. Whether money advanced by a decedent in his lifetime to those who may take as his heirs or legatees, is to be treated as a debt or an advancement, is always a question of intention.

2. In case of advancement the gift is an irrevocable one without expectation of repayment except in the way of deduction from the share of the estate of the donor. Consequently, circumstances which show an expectation of repayment always tend to rebut the inference that the transaction was an advancement.

3. Where a mother keeps an account showing a long list of items of payments to a son, and payments to her entered under the words "owes" and "paid," and memoranda among her papers show moneys borrowed by the son, and there is evidence of actual substantial payments to her by the son, the transactions will be regarded as loans and not as advancements.

Argued October 15, 1920. Appeal, No. 149, Oct. T., 1920, by Albert L. Brahm, heir, from decree of O. C. Allegheny Co., April T., 1920, No. 73, sustaining exceptions to adjudication in estate of Susanna K. Brahm,

deceased.   Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ.   Affirmed.

Exception to adjudication.

The opinion of the Supreme Court states the facts.

The court sustained the exceptions, in an opinion by TRIMBLE, J.   Albert L. Brahm, heir, appealed.

*Error assigned* was decree, quoting it.

*John M. Goehring,* with him *S. Harvey Thompson,* for appellant.

*T. F. Ryan,* for appellee.

OPINION BY MR. JUSTICE FRAZER, December 31, 1920:

Susanna K. Brahm died in 1919, intestate, leaving to survive her three sons and two daughters and four grandchildren, minor children of a deceased son, Clarence A. Brahm.   During a period of twenty years or more decedent had, from time to time, furnished her three sons with sums of money in varying amounts, the total of such amounts received by Clarence, after deducting payments made by him at various times, being $7,682.50.   The auditing judge treated the unpaid balance as an advancement made by decedent on account of the son's interest in her estate and deducted it from the distributive share paid to the guardian of the son's children.   On exceptions taken to the decree the court in banc reversed the conclusion of the auditing judge and held the transactions to be loans, all of which were made previous to the year 1910 (with the exception of one item, under date of October 10, 1916, of $492.50) and barred by the statute of limitations.   From this decree the administrator appealed.

Whether money furnished by a decedent in his lifetime to those who are subsequently his heirs and legatees is to be treated as a debt or an advancement made on ac-

count of what afterwards will be due the beneficiaries is always a question of intention to be determined from the circumstances under which the money was given, or the manner in which the transaction was later treated by decedent: Merkel's App., 89 Pa. 340; Kirby's App., 109 Pa. 41; Reinoehl's Est., 212 Pa. 359; Knight's Est., 253 Pa. 290. In case of advancement the gift is an irrevocable one without expectation of repayment except in the way of deduction from the share of the donee in the estate of the donor: Miller's App., 31 Pa. 337; Long's Est., 254 Pa. 370. Consequently, circumstances which show an expectation of repayment always tend to rebut the inference that the transaction was an advancement.

The evidence in the present case supports the view that the transactions were loans and were not only so treated by decedent, but numerous payments on account of the indebtedness were actually made to her by Clarence. Memoranda found among decedent's papers are to the effect that Clarence "owes" the proceeds of checks designated by number and that he "borrowed" money indicated by other checks and notes. A memorandum book kept by her contains a long list of items of loans and payments, both debits and credits being entered in the same column, the only distinction between them is in the use of the words "owes" and "paid." There is also a list of small items under the heading "Clarence paid this for me." The evidence as a whole shows that decedent treated the transactions as loans with expectation of repayment and did, in fact, receive, from time to time, substantial payments on account.

In the court below it was contended that if the balance was a debt due decedent it was not barred by the statute of limitations because the account was a mutual running account and as the last payment was within the six-year period the statute was tolled as to all. This position, however, seems to have been abandoned by appellant as the question was neither raised nor discussed in this court on argument of the case.

The decree of the court is affirmed at appellant's costs.