In Re: Est. of Mary Elizabeth Eicher, Deceased.

Argued April 20, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*C. Ward Eicher* of *Eicher & Eicher,* and with him *Lightcap & Lightcap,* for appellant.

*S. W. Bierer,* and with him *Albert H. Bell,* for appellees.

OPINION BY KELLER, J., July 14, 1933:

Appellant filed his account as executor of his mother's will. Exceptions were filed by some of the heirs on the ground that he had failed to charge himself in the account with five certain sums lent to him by his mother.

The court sustained the exceptions as to three items, but refused to surcharge him as to two. The items as to which he was surcharged were as follows:

$200 with interest from March 9, 1927.

$1,078.16 with interest from February 10, 1928.

$250 with interest from March 8, 1930.

As to the first and last of these items there was direct, positive evidence that the appellant borrowed these sums; the first, for $200, to roof his barn; the third, for $250, to buy a truck. One witness was present when the $200 loan was made, and two witnesses when the $250 loan was made, who testified as above stated. The appellant contradicted their testimony, but the court below, which saw and heard the witnesses, believed them and found the facts accordingly. Its findings of fact will not be reversed except for clear and manifest error, which is not here present.

The second item, $1,078.16, is on a somewhat different footing. One witness testified that he was present when the check hereinafter referred to was handed by appellant to decedent, endorsed by her and handed back to appellant. Nothing was said at the time to indicate that a gift to him was intended. The proof was, for the most part, documentary.

On January 20, 1928 Frank H. Eicher and Agnes

Frye, administrators of the estate of Jacob D. Eicher, the father of appellant, drew their check for $1,078.16, on the National Bank of Ligonier in favor of Mary E. Eicher, the decedent, representing her share as widow in the estate of their intestate. She endorsed it and turned it over to her son, the appellant, who endorsed it and deposited it to his account in, or collected it through, the First National Bank of Ligonier on February 10, 1928, to whom it was paid, the same day, by the bank on which it was drawn. The money was admittedly received by appellant. There was no evidence that his mother owed him anything—on the contrary the evidence was the other way. There was no competent evidence definitely connecting this transaction with any gift by her to the appellant. The vague and unsatisfactory evidence of two witnesses, a daughter and granddaughter of the decedent, that she had given Harry some money to pay him for his services in the building of their home, thirty years before, is not enough to justify a finding that this particular check was turned over to appellant as a gift. The endorsement by decedent of the check imported no intention to make a gift; it was the only way she could collect the money.

Appellant's counsel contends that the circumstances attending this transaction were precisely like those in connection with $1,100 which he received from his mother on August 27, 1926, and which the court found was a gift to him. But the circumstances were not alike. In that instance the money was drawn by Mrs. Eicher out of her savings account and, by her direction, a cashier's check was drawn the same day in favor of appellant, which he used to pay a debt due by him to his father's estate. The court held that this circumstance in connection with evidence showing gifts previously made to her other children warranted a finding that the money was a gift not a loan. But

if the court erred in that respect, appellant was not hurt, and the other parties took no exception to or appeal from the finding. An erroneous finding on insufficient evidence as respects one item does not require a like error on no evidence at all, as respects another item. We are not to be understood by this statement as implying that the finding on the $1,100 item was erroneous.

We have based our decision on the evidence received by the court and considered by it in arriving at its decision. Much evidence was conditionally received by the court, under objection, which was inadmissible and incompetent, and which the court subsequently rejected as incompetent. Evidence of conversations between exceptants' witnesses and decedent, when appellant was not present, was not admissible; nor was appellant a competent witness to testify to anything that occurred in the lifetime of his mother, except that, under the Act of June 11, 1891, P. L. 287, he was competent to contradict the evidence of witnesses who testified to occurrences and conversations which were alleged to have taken place in their presence between the decedent and appellant: Bowman's Est., 301 Pa. 337, 343, 152 Atl. 38.

The assignments of error are overruled and the decree is affirmed at the costs of the appellant.