### Rauenzahn v. Sigman, Appellant.

Argued November 28, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*J. Kennard Weaver,* with him *Weaver, Knauer & Miller,* for appellant.

*Robert Boyd, Jr.,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 4, 1956:

The appeal is from a decree of the Court of Common Pleas No. 7 of Philadelphia County, ruling that appellant had failed to establish the validity of a written document, under the terms of which appellant was named as the recipient of an alleged *inter vivos* gift of cash and corporate stock. At the former trial the document was erroneously excluded. That decree was reversed. The record was remanded to the court below ". . . limited solely and exclusively to a determination of the admissibility and validity of the document . . . and, if admissible, its effect on the ultimate result": *Rauenzahn v. Sigman,* 376 Pa. 26, 31, 101 A. 2d 688.

Detailed recitation of the facts may be found in the reported case and, therefore, will not be repeated. It will suffice to state that James L. Waggaman and Emma F., his wife, upon admission into a fraternal home, fraudulently concealed their assets. A niece of the wife, Ethel M. Sigman, appellant, came into pos-

session of the concealed assets. She claims title to the assets under an alleged *inter vivos* gift from Mrs. Waggaman. The validity of the written document, described in the reported case, is the sole issue now before us. We are not here concerned with any testamentary disposition alleged to have been made by Mrs. Waggaman in favor of Mrs. Rauenzahn, another niece. Neither is the disposition of the estate of James L. Waggaman now before us.

Appellant sought to prove the validity of the questioned writing by (a) offering it in evidence and establishing the authenticity of the signature (b) by the testimony of appellant. To establish the genuineness of the signature, appellant relies upon comparison of handwriting made by a handwriting expert. The specimen or standard used in such comparison must be sufficiently proved. To accomplish this, appellant offered in evidence four checks endorsed by the alleged donor, all of which the bank had paid. Mr. M'Cool, appellant's handwriting expert, testified that he had no means of knowing whether or not it was Mrs. Waggaman, the payee, who had endorsed the checks. He expressed, however, an opinion that the signatures were those of the payee. Appellee's handwriting expert, Mr. Melcher, considering the above evidence and from other writings in the record bearing Mrs. Waggaman's purported signature, testified that he likewise was unable to form an opinion that the signature in question was genuine. It is a well settled principle of law that in order to authorize a comparison of handwritings, the genuineness of the document offered as a standard for comparison must be sufficiently established. Nothing short of evidence by a person who saw the party sign the standard, or of an admission by such party of its genuineness, or evidence of equal authority, is sufficient: *Baker v. Haines,* 6 Wh. 284, 292; *Depue v. Place,*

7 Pa. 428, 430; *Travis v. Brown,* 43 Pa. 9, 12; *Groff v. Groff,* 209 Pa. 603, 59 A. 65; *Fuller's Estate,* 222 Pa. 182, 184, 70 A. 1005; *Shannon v. Castner,* 21 Pa. Superior Ct. 294, 329. While it may be surmised that Mrs. Waggaman did endorse the checks, that fact was not proved. Neither was the genuineness of the other signatures offered in evidence as standards sufficiently established. The learned chancellor, therefore, correctly ruled that the genuineness of the questioned signature had not been proved.

Appellant, Mrs. Sigman, testified, subject to objection, concerning the authenticity of the disputed signature and the circumstances of preparation and execution of the document, and also explained why the document was not offered in evidence sooner. The chancellor properly struck out her evidence as incompetent. The Act of May 23, 1887, P. L. 158, section 5(e), 28 PS 322, provides "Nor, where any party to a thing or contract in action is dead . . . and his right thereto or therein has passed . . . to a party on the record who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract . . . be a competent witness to any matter occurring before the death of said party. . . ." Under the terms of the statute, appellant was clearly incompetent as a witness since she was the surviving or remaining party to the alleged agreement or transfer: *Gongaware's Estate,* 265 Pa. 512, 514, 109 A. 276; *Keyser's Estate,* 329 Pa. 514, 523, 198 A. 125; *Buttorff's Estate,* 329 Pa. 561, 563, 198 A. 30; *Estate of Agnes Blaszcak,* 90 Pa. Superior Ct. 589, 594; *In Re: Estate of Eliza Gallagher, Deceased,* 109 Pa. Superior Ct. 304, 308, 167 A. 476; *In Re: Est. of Mary Elizabeth Eicher, Deceased,* 109 Pa. Superior Ct. 393, 396, 167 A. 466. Counsel for appellant relies largely upon *Allen's Estate,* 207 Pa. 325, 56 A. 928, wherein, following

the death of a father, a son was held to be competent to testify in a dispute between the son and his brothers as to whether or not money paid to the son by the father in his lifetime constituted a gift and not an advancement. But, as pointed out in *Kotz v. Smith*, 253 Pa. 346, 348, 98 A. 608, in a Per Curiam opinion, this Court said: ". . . In Allen's Estate, 207 Pa. 325, cited as an authority in support of her competency, it was conceded that the father had made a gift or advancement to his son, and his estate having no right or interest in what had been so given or advanced, the son was not a person whose interest was adverse to the right of his deceased father. . . ." See also *Cooper's Estate*, 263 Pa. 37, 106 A. 98. In that case, in distinguishing *Allen's Estate*, supra, this Court said (p. 44) : ". . . The governing consideration which lead to an affirmance of the court below was the fact that the advancement to the son, about which there was no dispute, once made, formed no part of the property or estate of decedent thereafter. . . ."

We need not pass upon the competency of the appellant to testify, even at a time after donor's death, concerning her reason for the delayed admission in evidence of the disputed paper since the invalidity of the document makes such inquiry immaterial.

The appeal is dismissed and the decree of the court below is affirmed. Costs to be paid by the appellant.