Simon Estate.

Argued January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MAN-DERINO, JJ.

*Harry J. Gerber,* for appellant.

*Bayard M. Graf,* for appellee.

OPINION PER CURIAM, September 19, 1973:
The decree of the court below is affirmed. Each party to pay own costs.

———

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE ROBERTS:
Anna L. Simon died testate on July 25, 1966. This is an appeal by one of her two daughters, a residuary legatee, from a decree of the Orphans' Court Division of the Court of Common Pleas of Montgomery County

dismissing appellant's exceptions. While I agree with the majority's disposition of most of these exceptions, its determination of the claim for interest compels my dissent.

The portion of decedent's will in controversy reads:

"(b) In addition to the foregoing advancements, I have made certain loans to my daughters, entered as such on my records and evidenced by their notes, with the understanding that the notes would be paid if the financial circumstances of my daughters enabled them to do so. Additional loans may be made by me in the future on the same basis if the economic situation of my daughters demands it. To the extent that said loans have not been paid to me in my lifetime, or recorded on my books as having been forgiven in whole or part, my Executor shall not demand payment of, nor assign the notes, during the lifetime of the maker or the period of administration of my estate, whichever is the shorter period, and I do further authorize my Executor make distribution of the said notes at their full value to their respective makers in the following manner; in the instance of my daughter, Mary Simon Muth, to charge the amount of the said notes against the corpus of the trust set up for her sole and separate use, and as to my daughter, Margaret Simon Thompson, to charge the amount of the said notes against her share or interest in my estate. In the event any of the said notes are received by my trustees, I exonerate him, in full, from any obligation to collect any of the notes in the lifetime of the maker." The auditing judge interpreted this provision as requiring that interest on the notes be charged against the respective distributive shares of the legatees. I disagree. In my view, the will is clear in its expression that no interest be charged.

In my judgment the orphans' court and the majority of this Court have ignored decedent's general scheme of distribution and the circumstances surrounding her dis-

position, and have consequently misconstrued the clearly expressed testamentary intent of the will. Mrs. Simon invariably advanced to each of her daughters $3,000 each year. She further made a number of additional advancements to them whenever they needed additional funds. These she denominated "loans." She imposed no requirement that the "loans" ever be repaid; rather these sums were to be repaid if and only if "the financial circumstances of [her] daughters enabled them to do so." Moreover, a number of these "loans" were, in the absence of actual repayment, "recorded on [her] books as having been forgiven in whole or part." Furthermore, she specifically directed that her executor "shall not demand payment of, nor assign the notes . . . ." Nor did she require her trustees "to collect any of the notes in the lifetime of the maker."

Elsewhere in her will, when decedent intended to charge interest on monies advanced, she clearly and specifically so stated. Unlike the other provisions of her detailed will, in this one she did not require the payment of interest. The orphans' court and the majority of this Court writes into her testament an interest provision she specifically excluded.

Decedent's intent is clear. She was a concerned mother who wanted to, and did, provide for the welfare and happiness of her two daughters. She was willing and able to satisfy their needs, and expressed an unequivocal desire to respond to their "economic situation" and "financial circumstances." She never demanded interest; in fact, she never demanded the repayment of principal. Her desire to give permeates her dispositive scheme; a desire to burden her daughters with interest payments is never expressed.

If one adopts the construction approved by the orphans' court and the majority of this Court, it must be concluded that Mrs. Simon was in the business of lending money at interest to her daughters, thereby aug-

menting her gross estate for purposes of Federal Estate Taxation and Pennsylvania Inheritance Taxation. Her testamentary scheme of distribution is all to the contrary. The totality of her plan of regular lifetime gifts and testamentary distribution reveals a tax consciousness which the majority of this Court likewise ignores.

The conclusion is inexorable—decedent wanted the "loans" to her daughters to be treated identically with the "advancements" made by her. By equating "loans" with "advancements," the principal of her estate is divided equally between her daughters. Such a conclusion would advance decedent's purpose, rather than serve to exact a penalty upon the lifetime distributions made when and to the extent "the economic situation of [her] daughters demand[ed] it."

"Whether money furnished by a decedent in his lifetime to those who are subsequently his heirs and legatees is to be treated as a debt or an advancement made on account of what afterwards will be due the beneficiaries is always a question of intention to be determined from the circumstances under which the money was given, or the manner in which the transaction was later treated by decedent . . . ." *Brahm's Estate,* 269 Pa. 82, 83-84, 112 Atl. 21 (1920) ; *Finnaren Estate,* 12 Fiduciary Rptr. 603 (O.C. Montgomery County 1962). As between a loan or an advancement, the presumption is in favor of an advancement. *Patterson's Appeal,* 128 Pa. 269, 18 Atl. 430 (1889) ; *Finnaren Estate,* supra. As a general rule, advancements do not bear interest, *Miller's Appeal,* 31 Pa. 337 (1858), unless the will specifically so provides. *Barr's Petition,* 234 Pa. 294, 83 Atl. 202 (1912). The same rule is applicable to loans the testator intends to treat as advancements. *Porter's Appeal,* 94 Pa. 332 (1880).

These principles are controlling here, and properly effectuate decedent's intent, and preclude the interest charge. To conclude otherwise, as the majority does, is

to undermine and frustrate her expressed intention.

Accordingly, I would vacate the decree and remand with instructions to disallow the charge of interest and to enter an appropriate decree of distribution.

Mr. Justice EAGEN and Mr. Justice NIX join in this concurring and dissenting opinion.