## Miller *against* Frazier.

A notice written and sent by a plaintiff to a defendant, in an action on the case, and a reply thereto by the defendant, may not be given in evidence by the defendant on the trial, unless the reply contain some admission which might tend to lessen the damages claimed.

In an action on the case for a nuisance, one who is the special bail of the defendant in a subsequent action for a continuance of the same nuisance, is incompetent as a witness.

In such action, he who subsequently to its commencement becomes the owner of the land upon which the nuisance is alleged to have been erected, is incompetent as a witness, because of his privity of estate with the defendant.

In an action for the erection of a nuisance, a count may be added to the declaration, after the testimony on each side is given, for a continuance of it.

WRIT of error to the common pleas of *Cumberland* county.

This was an action on the case by Andrew Frazier against Christian Miller. The declaration contained one count, for the erection of an obstruction on the land in the possession of the defendant, by which the water of Middle-spring was dammed back upon the land and mills of the plaintiff.

After suit brought, the plaintiff wrote the following notice to the defendant, and received the following reply:

"Dear sir, you are hereby notified and required to remove the obstructions you have placed in the stream of the Middle-spring on the land you occupy, immediately below the line of my land, as the same dams the water back, to the great injury of my mill; or that you lower the said obstruction, so that the water be not dammed back more than two inches above the original water mark, at the line of my land. And that the same be done on or before Tuesday

[Miller v. Frazier.]

next, the 5th instant, and at the time of your doing the same, you are requested to give me notice, that I may attend.

"1st August, 1834."

"Dear Sir, agreeably to the proposition contained in your note of the 1st instant, I will alter the log alluded to therein, at any time that you are disposed to attend, according to the decision of the arbitrators on the 2d of October 1833, to whom the same was submitted. The time you are ready to attend you will please to inform the bearer hereof, or mention it on this paper.

"August 4th, 1834."

The defendant offered to read these to the jury, and to follow them by proof that the parties did meet, and the defendant did reduce his dam. This evidence was objected to on the ground that it was all since suit brought; and the papers offered contained no acknowledgement of the parties, or any thing material to the issue: that the dam was reduced was not objected to. The court rejected the evidence, and sealed a bill of exceptions.

The defendant then offered Christopher Orr as a witness. Objected to: he is the special bail of the defendant in a recognizance taken on an appeal from an award of arbitrators in a subsequent suit for a continuance of the same nuisance. The court rejected the witness, and sealed a bill of exceptions.

The defendant then offered Jacob Miller as a witness. Objected to: the land on which the nuisance is alleged to have been erected had been sold by an order of the orphan's court, and the witness offered became the purchaser; the return of the sale had been made, but not confirmed. The court rejected the witness, and sealed another bill of exceptions.

After the testimony had been all given to the jury, the plaintiff asked leave to file a new count for a continuance of the nuisance; which was objected to by the defendant: the court granted leave to file the count, and offered a continuance of the cause to the defendant, which was declined; and the court sealed a fourth bill of exceptions.

These bills of exceptions were the subjects of the assignment of errors.

*Alexander*, for plaintiff in error, contended, that the notice of the plaintiff contained an acknowledgement of the existence of a contract between the parties as to the height of the dam, and should have been received in evidence: that Christopher Orr had no interest which was not so remote and dependent upon so many contingencies, as not to come with any rule which would exclude him as a witness; and cited 1 *Phil. Ev.* 41, *note;* Miles *v.* O'Harra, 1 *Serg. & Rawle* 36; Conter *v.* Pearce, 1 *Term Rep.* 163; 2 *Stark.* 744, 776, 786: that Jacob Miller was not interested because he had no title, and might have none; but even if he did afterwards acquire title, a verdict and judgment in this suit, to which he was not a party,

III.—3 H

[Miller v. Frazier.]

would not affect him : that granting leave *to* file a new count was the introduction of a new and different cause of action, and should not have been permitted.

*Devor* and *Watts*, with whom was *Graham*, for defendants in error. The papers offered did not contain any admission by the plaintiff, and were not material. Miller, the witness, had an inchoate right to the land, and when his right was perfected an action for a continuance of the nuisance would have been maintainable against him, and consequently the verdict and judgment which established the nuisance would have been evidence against him. 2 *Esp. Rep.* 653 ; *Bull. N. P.* 75. And that he and Christopher Orr were rightly excluded on the ground of interest, were cited, *Peake. Ev.* 149 ; 1 *Phil. Ev.* 45 ; Snyder *v.* Snyder, 6 *Binn.* 319 ; Evans *v.* Keiser, 5 *Serg. & Rawle* 371 ; M'Veaugh *v.* Govas, 1 *Dall.* 62. Counts for the erection and continuance of a nuisance may be joined. 2 *Chit. Pl.* 284, 285.

The opinion of the Court was delivered by

KENNEDY, J.—The first error assigned is the rejection, by the court below, of the notice sent by the plaintiff below to the defendant, and the reply of the latter thereto ; which were offered in evidence by the defendant. This notice, it must be remembered, was given after the commencement of this action, and contains no admission on the part of the plaintiff of any fact that I can perceive which would have been material to the issue in any way, or have tended either to defeat or to diminish the plaintiff's claim to damages ; I therefore think the court was right in rejecting it.

The second error is, that the court decided that Christopher Orr, who was offered as a witness by the defendant below, was interested in the event of the suit, and therefore incompetent. Christopher Orr was the special bail of the defendant in a subsequent action brought against him by the plaintiff for a continuance of the nuisance, for the erection of which this action was brought. Now it cannot well be questioned but the verdict and judgment given in this case would be evidence in the subsequent one, in which Christopher Orr is special bail, and would be decisive of it either in favour of the plaintiff or the defendant, as the verdict and judgment in this should happen to be for the one or the other. If in favour of the defendant below, then it would amount to an acquittal of him from all liability in the second action; because if it had been determined in this that no nuisance had been erected by the defendant, it would have followed of necessary consequence, that the defendant could not be guilty of continuing it. For it is utterly impossible that any thing of the kind can be continued in existence which never had one. Christopher Orr being offered then as a witness, generally, on behalf of the defendant below, with a view to procure by his testimony a verdict in favour of the defendant, was literally offered to establish that

[Miller v. Frazier.]

which would have discharged him from his responsibility as special bail in the subsequent action for the continuance of the nuisance. This would have been in effect the same as if this latter suit itself had been on trial, and Orr had been offered as a witness on behalf of the defendant, wherein it is admitted that he could not have been properly admitted. It appears to me that it may safely be laid down as a general rule, that whenever the verdict and judgment which the person offered as a witness is to bring about by his testimony, will necessarily either lessen or discharge him from his obligation or responsibility, he is incompetent, and cannot be admitted to testify. And here it appears to me that the necessary effect of a verdict and judgment in favour of the defendant would have been to have released Christopher Orr from his responsibility as special bail, because such verdict and judgment would have barred the plaintiff's recovery in the second action for the continuance of the nuisance wherein Orr was bail. I therefore think the court decided correctly as to this point.

The third matter assigned for error is, that the court refused to admit Jacob Miller to testify as a witness on behalf of the defendant. Some time after the commencement of this action, Jacob Miller became the owner of the land on which the nuisance was alleged to have been erected, and succeeded to the right of the defendant in the possession thereof. Having thus become privy in estate to the defendant in this action, it necessarily follows that a recovery therein by the plaintiff for the erection of the nuisance might have been given in evidence in an action brought thereafter against him for a continuance of it, and it would be conclusive against him, unless he were to show that the nuisance had been abated previously to bringing the action. Hence he was directly interested in the event of the trial of this suit, and was offered as a witness to prove that the defendant had done nothing more than what he had a right to do, in erecting a dam across the stream for the purpose of obtaining the more advantageous use of the water, and by this means to procure a verdict for the defendant, which, if confirmed by the court, would have been conclusive evidence in favour of his exercising the same right and continuing the dam as the defendant had it. Conceiving then that Jacob Miller was interested in procuring a verdict for the defendant in this action, I think the court was right in rejecting his evidence.

The fourth and last error is, that the court permitted the plaintiff, on the trial of the cause, after the testimony was closed on both sides, to amend his declaration by adding and filing a count for a continuance of the nuisance. The objection to this is, that the continuance of the nuisance was a totally different cause of action from the erection of it, and therefore not authorized by the act of assembly of 1806, which directs courts to permit any informality in the declaration or plea to be amended either before or on the trial of the cause, whenever it may be necessary, in order to have it decided according

[Miller v. Frazier.]

to its merits.    Now it is most likely that on the trial of this cause, after both parties had given their evidence, it appeared to the court that the defendant had erected a nuisance, but whether it was not the same for which a former recovery was shown to have been obtained against him, may have seemed somewhat doubtful, and therefore in order to free the case from embarrassment and all doubt, and at the same time to insure a trial and decision of the real matter in controversy between the parties, according to the merits thereof, it may have been necessary to permit the second count to be added to the declaration and filed in the cause.    If the defendant had thought himself taken by surprise in this permission being granted by the court, and had been of opinion that he was not then as well prepared to meet the trial of the cause, under this new aspect, as he could be at any subsequent term, he had a right to demand a discharge of the jury from the trial of the cause, and a continuance of it to the next term; but having made no application to the court for this purpose, we are bound to conclude that he was as well prepared to encounter the trial of the cause then, in the altered form that was given to it by the amendment, as he could be at any subsequent term or time.    Nothing is more common, I believe, than to file a declaration in such an action as the present, in the first instance, containing in it two counts; that is, one for erecting a nuisance and the second for continuing it.    The subject matter of both may be said to be the same, and they certainly both grow out of the same transaction, so that it cannot well be said that the latter count is so different from the first as to be without the mischief that was intended to be remedied by the provisions of the act in this behalf.

Judgment affirmed.