## Commonwealth Trust Company of Pittsburgh, Appellant, v. Hugo.

Argued October 1, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*E. H. Wicks,* for appellant.

*Norman R. Schade,* with him *George D. Wick,* of *Campbell, Wick, Houck & Thomas,* for appellee.

OPINION BY MR. JUSTICE LINN, November 12, 1937:

This appeal is from the refusal to take off a compulsory nonsuit. The action is brought by the ancillary administrator of Rufus P. Wright to recover the amount received by defendant for three bonds which the plaintiff alleged belonged to decedent. The defendant is the decedent's daughter. Plaintiff contended that defendant received the bonds from her father for a particular purpose and then converted them to her own use. Her defense was that the bonds were a gift to her. At the trial plaintiff called for cross-examination. She testified that the bonds were given to her by her father and that thereafter she dealt with them as her own.

Plaintiff offered in evidence a memorandum book kept by the father and found among his papers after his death. This book contained a written statement, which, standing by itself, would support the inference that a gift had not been made to the defendant but that she held the bonds as her father's agent or bailee. It was excluded on the ground that it was a self-serving declaration not admissible for the purpose offered; the appellant, in support of its contention that the book was

wrongly excluded, cites cases in which a decedent's books were admitted for the purpose of showing the testator made advancements to his children. Those cases do not aid the plaintiff in suit for breach of contract: see *Laning's Estate,* 241 Pa. 98, 88 A. 289. Defendant's testimony that the bonds were given to her was therefore not contradicted and plaintiff was bound by it: *Dunmore v. Padden,* 262 Pa. 436, 105 A. 559; *Evans v. Penn Mutual Life Ins. Co.,* 322 Pa. 547, 186 A. 133. As the case was presented, the burden of proof was on plaintiff *(Weaver v. Welsh,* 325 Pa. 571, 191 A. 3) and was not met.

Judgment affirmed.