## Flanagan et ux., Appellants, *v.* Jennings.

Argued September 26, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*John M. Henry,* with him *George H. Frich* and *Vincent R. Smith,* for appellants.

*Paul J. Abraham,* with him *Frank A. Whitsett,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, December 5, 1938:
Appellants petitioned the court below to decree satisfaction of a mortgage held by appellee on a property belonging to them. The court awarded an issue, for trial by a jury, and pursued the commendable practice of submitting to the jury questions for specific findings. The disputed point was whether Wolfe, appellee's agent to receive payment of interest, was authorized to also receive payment of principal. It is not denied that he did receive from appellants the balance of principal due on the mortgage, and did not pay it over to appellee. It is established that he had possession of the bond and mortgage, and delivered them to appellants when they made payment of the amount of principal due. In response to the question submitted for finding, whether appellee authorized and appointed Wolfe to collect from appellants the balance of the principal debt secured by the mortgage, the jury answered "No."

The weakness of appellants' case lies in the fact that they did not produce any evidence to show that Wolfe had either real, implied or apparent authority to receive the principal of the mortgage. Appellee, called as under cross-examination, said that Wolfe did not have such authority, only that to receive interest. This was not controverted by any other testimony, and was therefore binding on appellants: *Commonwealth Trust Co. of Pittsburgh v. Hugo,* 328 Pa. 116, 194 A. 904; *Golder v. Bogash,* 329 Pa. 350, 198 A. 149.

When Wolfe was called as a witness, he said he was employed by appellee to collect the interest. Appellants refrained from asking him whether he was authorized by appellee to receive principal. The record is devoid of any evidence that he was. The only circumstance shown by appellants was that he had possession of the bond and mortgage, and delivered these evidences of the debt to them. This is not sufficient to establish agency to receive principal: *Browne v. Hoekstra,* 279 Pa. 418, 123 A. 861; *Lewis v. Matias,* 300 Pa. 238, 150 A. 636; *Coxe v. Kriebel,* 323 Pa. 157, 185 A. 770.

It was shown that a previous agent had been paid part of the principal, and that appellee had received it from him. This would not give rise to an implied agency in Wolfe to receive the balance. Nor is it of any moment that the first agent had possession of the fire insurance policy on the property bound by the mortgage, containing a mortgagee clause in appellee's favor, and turned it over to appellants after they made payments to Wolfe. This did not go to show such an agency in Wolfe as appellants contend for.

The situation differs entirely on its facts from that in *Williams v. Cook,* 289 Pa. 207, 137 A. 232, relied upon by appellants. There the agent had received previous payments on account of the principal of a mortgage which the mortgagee had accepted. Here appellee had never received anything from Wolfe on account of the principal of the mortgage.

There are assignments of error to the admission and rejection of evidence and to the charge of the court. In view of our conclusion on the fundamental question involved they become of no consequence.

Judgment affirmed.