Tradesmen's National Bank and Trust Company, Admr., *v.* Forshey, Appellant.

Argued October 15, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Thomas B. Hall,* for appellant.

*James Hay Simms,* for appellee.

OPINION BY ROSS, J., January 8, 1948:

This is an action in equity to recover certain jewelry owned by Maude M. Jones for a number of years before her death on April 1, 1946, but after her death found in the possession of defendant. The court below, after determining that upon the death of the decedent all title and right to possession of the jewelry in question passed to her administrator, the plaintiff, ordered the jewelry delivered to it and the defendant has taken this appeal.

The bill avers that the decedent, who had been temporarily staying at the Berkshire Hotel in Reading, was removed from the hotel on March 29, 1946 to the Community General Hospital in Reading, where she died intestate on April 1, 1946; that for a number of years prior to her death the decedent owned, inter alia, the jewelry involved in this action; that between March 29, 1946 and April 1, 1946 the defendant "wilfully, fraudulently and without any right thereto, obtained possession of the aforesaid articles of jewelry"; that when the decedent was removed to the hospital she permitted the defendant to occupy her room in the Berkshire Hotel, in which her jewelry and other personal effects were located. In his answer the defendant denied that he "wilfully, fraudulently and without any right thereto" obtained possession of the jewelry and on the contrary averred that the jewelry was a gift from the decedent to the defendant on or before March 29, 1946. It is admitted that the decedent owned and possessed the jewelry in question up until a short time before her death, that the defendant occupied her room in the Berkshire Hotel after her removal to the hospital, and that the jewelry was not found among her other personal effects in her hotel room after her death.

There is no evidence in the record that the defendant acted fraudulently and the chancellor did not so find. The chancellor, affirmed by the court en banc, found as a fact, inter alia, that the decedent did not deliver the jewelry to the defendant "for safekeeping, or for any

other purpose" and concluded as a matter of law that "The deceased, Maude M. Jones, did not make a gift, or otherwise transfer title or ownership, of the jewelry in question to the defendant John H. Forshey, and title in and right to possession of the jewelry remained in Maude M. Jones until her death".

The only issue in the case is whether or not the decedent during her lifetime made a valid gift of the jewelry to the defendant.

"To make a valid gift there must have been not only an intention to make it but to do so at the time and not in the future, and it must be accompanied by an actual or constructive delivery to the donee by which the donor released all dominion over the property and invested the donee with full title to and control over the same. Without a complete delivery there can be no valid gift inter vivos, though every step be taken that is essential to the validity of the gift; if there is no delivery the gift must fail. Intention cannot supply it; words cannot supply it; actions cannot supply it; it is an indispensable requisite without which the gift fails, regardless of consequences, and the test of delivery is the change of property, the immediate right to the entire dominion over the subject of the gift, a perfect title which is as good against the donor as anyone else." *Hafer v. McKelvey*, 23 Pa. Superior Ct. 202; *Brown's Estate*, 343 Pa. 230, 22 A. 2d 821; *Watkins v. MacPherson*, 348 Pa. 467, 35 A. 2d 256. "Gifts inter vivos and gifts causa mortis differ in nothing, except that the latter are made in expectation of death, become effectual only upon the death of the donor and may be revoked—otherwise the same principles apply to each." *Elliott's Est.*, 113 Pa. Superior Ct. 350, 173 A. 880.

The mere possession by an alleged donee of property of the alleged donor after the death of the latter raises no presumption of ownership. The burden of proof is on one claiming to be the donee of property to prove the change of ownership and to establish all

facts essential to the validity of the gift. *Henes v. Mc-Govern,* 317 Pa. 302, 176 A. 503; *Ryan v. MacDonald,* 151 Pa. Superior Ct. 607, 30 A. 2d 662; *Maxler v. Hawk,* 233 Pa. 316, 82 A. 251.

To meet his burden of proving a valid gift of the jewelry involved in this case, the defendant relied upon the testimony of two witnesses, Mrs. Helms and Mrs. Nevins, friends of the decedent, who had a conversation with her in her hotel room a few days before she was taken to the hospital. Mrs. Helms testified that during this conversation the decedent, referring to the defendant and her jewelry, said, "I have given Jack my diamonds, and if anything happens to me, he is to have them". She further testified that when she asked the decedent, "Why do you do that?" she answered, "Because my room is open and anyone coming here could open the door. It can't be locked." Mrs. Nevins testified, "She said the same to me that she said to Mrs. Helms. She said, 'I will wrap my diamonds in a handkerchief and give them to Jack if anything happens to me' ", and Mrs. Nevins repeated this statement several times, each time using the future tense: "I *will wrap* my diamonds in a handkerchief and *give* them to Jack". (Italics supplied.)

Because of the ambiguity and apparent conflict in this testimony, the learned court below concluded that the defendant had not met the burden of proving a change in ownership and a valid gift of the jewelry to him, and we agree with that conclusion.

Delivery may be proved by declarations of a donor, just as the gift itself may be, but the declarations must be clear and unambiguous. *Leitch v. Diamond National Bank,* 234 Pa. 557, 83 A. 416. An unmistakable intention on the part of the donor to make a gift and delivery of it must be established by clear and precise evidence. *Reist Est.,* 158 Pa. Superior Ct. 281, 44 A. 2d 847. In this case defendant's evidence did not meet the required tests.

Decree affirmed.