Hendrickson Estate.

Argued January 11, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Jerome I. Myers,* with him *Morey M. Myers,* for appellant.

*Russell J. O'Malley,* with him *Sheldon Rosenberg,* and *Nogi, O'Malley & Harris,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, March 18, 1957:

This appeal from a final decree of the Orphans' Court of Lackawanna County involves a dispute between a daughter of decedent and decedent's estate concerning the ownership of a diamond ring. Basically,

the determination of the inquiry herein presented depends on the applicability of the so-called "dead man's rule"[1] to appellant's testimony upon which her claim principally, if not solely, depends.

Forest F. Hendrickson died, testate,[2] June 27, 1954, survived by 7 daughters and 2 sons. After decedent's death the executor found a 3 stone diamond ring, valued at $900, in decedent's safe located on the 3rd floor of his home.

Blanche Reid—a daughter of decedent and the appellant—excepted to the inclusion in the executor's account of the diamond ring, alleging the ring belonged to her, not to decedent. After hearing, Judge BRADY on May 3, 1956 disallowed appellant's claim and dismissed her exception. Exceptions filed to this adjudication were finally dismissed by the court below on October 8, 1956 and this appeal was taken.

Appellant's position is that sometime prior to 1938 decedent purchased and gave this diamond ring to his wife, Eva Hendrickson (appellant's mother) and that she, shortly before her death in March, 1938, gave the ring to appellant. In support of her claim, appellant presented her own testimony and that of H. V. Cutler: (1) Mr. Cutler, a jeweler, testified that, at the decedent's instruction, he made up this ring, that decedent gave the ring to his wife and she wore the ring

---

[1] §5(e),Act of May 23, 1887, P. L. 158, 28 PS §322. "Nor, where any party to a thing or contract in action is dead, . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . party, be a competent witness to any matter occurring before the death of said party . . .".

[2] The will makes no disposition of decedent's property but simply appoints an executor.

up until the time of her death; (2) appellant's testimony—received over appellee's objection—was that approximately 2 or 3 months prior to her mother's death, her mother gave her some jewelry to be distributed among her sisters, stating that the diamond ring was for appellant; after her mother's death and at decedent's request she gave decedent the ring and the other jewelry and decedent kept the ring until his death.

It is urged that the court below erred in two respects: (1) in concluding that the unexplained possession by the decedent of the ring for 16 years following his wife's death was sufficient to infer ownership of the ring by decedent and his estate; and (2) in concluding that appellant's testimony was incompetent under the Act of 1887, supra.

An examination of appellant's statement of the first question involved in this appeal indicates her misunderstanding of the lower court's conclusion of law on the question of possession. The court below did not find that the mere possession of the ring by the decedent raised a presumption that the decedent owned the ring.[3] On the contrary, the court found that the unexplained possession of the ring for 16 years by the decedent was sufficient to establish a prima facie case of ownership which cast upon the appellant the bur-

---

[3] The language of some decisions would seem, at first blush, to recognize the existence of a presumption "that personal property is owned by him who has it in possession": *Dick v. Cooper*, 24 Pa. 217, 221; *Wohleber's Estate*, 320 Pa. 83, 86, 181 A. 479. However, this court, speaking through the late Mr. Justice ALLEN STEARNE, in *Carr Estate*, 371 Pa. 520, 523, 524, 92 A. 2d 213, has more recently said: "A *presumption of ownership does* not arise *solely* because property is in the possession of decedent at death. Many circumstances may exist under which property is in the possession of a decedent without the presumption or inference of decedent's ownership."

den of going forward with the evidence. The executor having proven possession in the decedent at the time of his death, the burden shifted to the appellant to establish facts essential to the validity of her claim of ownership as a donee of the ring. In *Carr Estate,* supra, at p. 523, it was stated: "The burden of proof is on anyone who claims property in the possession of another to establish facts essential to the validity of his claim of ownership: Henes v. McGovern, 317 Pa. 302, 176 A. 503; Weaver v. Welsh, 325 Pa. 571, 191 A. 3; Commonwealth Trust Company of Pittsburgh v. Hugo, 328 Pa. 116, 194 A. 904. It is true that in each of the above cited cases the property was in the hands of claimant and the claim was made by the estate. But the same principle applies where the situation is reversed. Where, however, the claim of ownership is based upon an alleged *gift* of property found in *decedent's* possession, claimant's burden of proof is greatly increased." See also: *Watkins, Exr. v. MacPherson,* 348 Pa. 467, 470, 471, 35 A. 2d 256; *Ryan v. MacDonald et al.,* 151 Pa. Superior Ct. 607, 609, 30 A. 2d 662; *Tradesmen's National Bank and Trust Company v. Forshey,* 162 Pa. Superior Ct. 71, 74, 56 A. 2d 329.

In *Rogers Estate,* 379 Pa. 494, 495, 108 A. 2d 924 (quoted in appellant's brief), this court held that a function and object of an inventory is to fix presumptively the existence of property in the fiduciary's possession, and, while the listing therein does not affect "true ownership", it is "prima facie evidence of ownership". Listing of the ring in the inventory and the account was prima facie evidence of ownership. Such listing, coupled with 16 years of unexplained possession by the decedent, certainly sufficed to cast upon the appellant the burden of proof that she had become the owner of the ring by a donation from her mother.

*Cf: Henes v. McGovern,* 317 Pa. 302, 176 A. 503. As against decedent's possession of this ring over a long period of time it was incumbent upon the appellant to produce evidence that she was the real owner and that she was entitled to recover on the strength of her own title, not upon any weakness in decedent's title.

Unfortunately for appellant proof of her title depended principally, if not solely, on her own testimony. The court below held that her testimony was incompetent under the Act of 1887, supra, and the propriety of this ruling is now questioned. Appellant contends the testimony is competent because the decedent had no right to the ring which passed to his executor, a party of record.

Competency of a witness is the rule and incompetency the exception: *Gumbes Estate,* 172 Pa. Superior Ct. 59, 63, 92 A. 2d 265; *Allen's Estate,* 207 Pa. 325, 327, 56 A. 928; *Bates v. Carter Construction Co.,* 255 Pa. 200, 205, 99 A. 813; 2 Penna. Evidence (Henry), §762, p. 187. At common law in Pennsylvania and until the Act of April 15, 1869, P. L. 30, *any* interest in the subject matter of litigation disqualified witnesses and parties alike: *Miller v. Frazier,* 3 Watts 456; *Dalbey's Estate,* 326 Pa. 285, 192 A. 129; 5 Pitts. L. Rev. 125 et seq. The act of 1869, supra, followed by the Act of 1887, supra, created a change whereby competency of witnesses became the rule and incompetency the exception.

Section 4 of the Act of 1887, supra, 28 PS §314, states the general rule that no "interest, or policy of law, . . . shall make any person incompetent as a witness". To this rule the statute makes four exceptions,[4]

---

[4] The 1st exception concerns convicted perjurers; the 2nd exception concerns confidential communications between attorney and client, etc.; the 3rd exception concerns testimony of husband and wife adverse to one another.

with only the last of which we are concerned in this appeal. This fourth exception—so far as pertinent herein— disqualifies as a witness a "surviving" or "remaining" party or "other person" whose interest is adverse to one who is dead and proscribes any testimony by such party or person against the deceased as to matters which occurred before death if the deceased had any right in the subject matter which has passed to a party of record. This disqualification extends to two classes of witnesses (surviving parties to a transaction and any other person) whose interest is adverse to deceased: *Groome's Estate*, 337 Pa. 250, 254, 255, 11 A. 2d 271; *Broderick Co. v. Emert*, 110 Pa. Superior Ct. 327, 332, 168 A. 512.

Under this exception three conditions must exist before any such witness is disqualified: (1) *the deceased must have had an actual right or interest in the matter at issue*, i.e. an interest in the immediate result of the suit;[5] (2) *the interest of the witness—not simply the testimony—must be adverse*;[6] (3) *a right of the deceased must have passed to a party of record who represents the deceased's interest.*[7]

[5] *Davis v. Hawkins*, 163 Pa. 228, 29 A. 746; *Lancaster County Bank v. Henning*, 171 Pa. 399, 33 A. 335; *Kotz v. Smith*, 253 Pa. 346, 98 A. 608; *Keyser's Estate*, 329 Pa. 514, 198 A. 125; *Security Trust Co. v. Feist et al.*, 333 Pa. 536, 5 A. 2d 119; *Rauenzahn v. Sigman*, 383 Pa. 439, 119 A. 2d 312.

[6] *Dickson et ux. v. McGraw Bros.*, 151 Pa. 98, 24 A. 1043; *Dillon's Estate*, 269 Pa. 234, 111 A. 919; *Broderick Co. v. Emert*, supra. In *Dillon's Estate*, supra, a test is suggested to determine whether an interest is adverse: will the witness gain or lose as the direct legal operation and effect of the judgment, or will the record be legal evidence for or against him in some other action? If not, he is competent. See also the excellent discussion of this matter in *Gaston Estate*, 361 Pa. 105, 62 A. 2d 904.

[7] *Royer v. Ephrata Borough*, 171 Pa. 429, 33 A. 361; *Power v. Grogan*, 232 Pa. 387, 81 A. 416; *Wolfe v. Scott*, 275 Pa. 343, 119 A. 468; *Williams v. Lucas*, 376 Pa. 413, 103 A. 2d 675.

46

The application of these criteria to appellant's testimony clearly indicates its incompetency. The present controversy is between decedent's personal representative and decedent's daughter, each asserting ownership of the ring. Decedent—the purchaser and long time possessor of the ring when he died—had at least a prima facie interest in the ring. Claimant's interest is adverse to decedent, i.e. she claims the ring belonged to her, not to decedent. Applying the test in *Dillon's Estate,* supra, if appellant's exception were sustained and her claim allowed, she would gain as the "direct legal operation and effect of the judgment" by receiving ownership and possession of the ring. Whatever right decedent had in the ring passed to his executor who represents his interest as a party of record. Appellant's testimony was properly excluded and such exclusion related not only to testimony as to transactions between appellant and her deceased father, but also as to any matter occurring before her father's death which had any bearing on the ring transaction: *Sutherland v. Ross,* 140 Pa. 379, 386, 21 A. 354; *Swieczkowski v. Sypniewski,* 294 Pa. 323, 328, 144 A. 141; *Uhl v. Mostoller,* 298 Pa. 124, 128, 129, 148 A. 61; *Weaver v. Welsh,* 325 Pa. 571, 577, 191 A. 3.

*Williams v. Lucas,* 376 Pa. 413, 103 A. 2d 675 (an action to quiet title in which no right of a deceased had passed to a party of record), *Engemann v. Colonial Trust Co.,* 378 Pa. 92, 105 A. 2d 347 (an action to quiet title in which no right of a deceased had passed to a party of record), *McGary Estate,* 355 Pa. 232, 49 A. 2d 350 (an appeal from an inheritance tax appraisal —i.e. not a controversy between an estate and claimants thereto—wherein there was a waiver of any objection to the alleged incompetent testimony), *Allen's Estate,* 207 Pa. 325, 56 A. 928 (in which no right of a deceased had passed to a party of record), *Coughlin*

*v. Coughlin,* 173 Pa. Superior Ct. 23, 94 A. 2d 79 (in which a decedent's estate was not a party of record and wherein there was a waiver of any objection to the alleged incompetent testimony)—all cited in appellant's brief—are inapposite here.

Appellant places great reliance on *Gumbes Estate,* supra. The *Gumbes* decision is clearly distinguishable; such distinction is evidenced from the very language of the court (p. 64) in that case: "The witnesses in question therefore were not rendered incompetent although their interest was adverse to any right of Charles W. Gumbes, because in denying the claim of ownership asserted in the petition for the citation, Rebecca and Ross Whitemarsh claimed in their own right and in so doing, represented themselves and not the interests of his estate. *To effect a disqualification under the statute it must appear that the rights of the deceased have passed to the other party on the record who represents his interest.* Broadrick v. Broadrick, 25 Pa. Superior Ct. 225; Wolfe v. Scott, 275 Pa. 343, 346, 119 A. 468." If the instant executor had claimed this ring in his individual capacity as a donee or transferee from the decedent then *Gumbes Estate* would be apposite.

The learned court below correctly and properly dismissed the claim of Blanche Reid.

Decree affirmed at appellant's costs.