Friedeman, Appellant, *v.* Kinnen.

Argued March 14, 1973. Before Jones, C. J., Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*Joseph U. Esper,* for appellant.

*Paul J. Weinheimer,* for appellee.

Opinion by Mr. Chief Justice Jones, May 23, 1973:

This is an appeal from a decree of the Allegheny County Court of Common Pleas dismissing the appellant's complaint in equity seeking the reformation of a bond and mortgage. The only issue presented at trial and the only issue present in this appeal is whether the appellant, William Friedeman, was competent to testify in view of the provisions of the Act of May 23, 1887, P. L. 158, §5(e), 28 P.S. §322, commonly known as the

"Dead Man's Act".* The lower court held that appellant's testimony was barred by the statute and, since there was no other testimony, dismissed the action. We agree and affirm the decree of the Common Pleas Court.

This action for reformation of a bond and mortgage arose from a bond and mortgage covering the appellant's residence executed by him in 1959 in favor of Valentine J. Davey, now deceased and represented in this action by her personal representative, Margaret D. Kinnen. When the matter came to trial below and the appellant took the stand to testify, appellee's counsel objected citing the "Dead Man's Act" and asserting that the appellant was incompetent to testify. The trial court deferred ruling on the objection and permitted the appellant to testify. The appellant did not contest the existence or validity of the bond and mortgage— *only the face amount*. He testified that the present $7,500 face value was in error and should be reduced to $3,000. According to the appellant, the decedent made an unsolicited gift of $3,000 to him in 1959 because "she wanted him to have it" and that, in order to protect Mrs. Davey in the event anything should happen to him, he signed a blank bond and mortgage in her favor with the understanding that they were to be filled in for $3,000. The appellant, who did not call any other witnesses on his behalf, was the only person to testify. At the close of his testimony, counsel for the appellee did not cross-examine him or offer any testimony on behalf of the estate. The lower court ruled that the

---

* The pertinent provision of the Act provides: "Nor, where any party to a thing or contract in action is dead . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . party, be a competent witness to any matter occurring before the death of said party. . . ."

so-called "Dead Man's Act" made the appellant an incompetent witness and dismissed his complaint.

The applicability of the so-called "Dead Man's Act" was thoroughly discussed in *Hendrickson Estate,* 388 Pa. 39, 45, 130 A. 2d 143 (1957), wherein we held that the Act would disqualify a witness when three conditions co-exist: "(1) *the deceased must have had an actual right or interest in the matter at issue,* i.e., an interest in the immediate result of the suit; (2) *the interest of the witness—not simply the testimony—must be adverse;* (3) *a right of the deceased must have passed to a party of record who represents the deceased's interest."* (Footnotes omitted.) The appellee contends that all three factors necessary to make a witness incompetent to testify under the Act are present in this appeal. We agree. There can be no doubt that the decedent had an interest in the immediate result of the suit; if the appellant were successful, the mortgage would be reformed from $7,500 to $3,000, a reduction in the decedent's claim of $4,500. By the same reasoning, the interest of the appellant-witness, and not simply his testimony, is adverse to the decedent, since he stands to gain the $4,500 lost by the decedent's estate. Finally, it is clear that the decedent's interest has passed to her personal representative, who is the defendant-appellee in this action.

Relying on our decision in *Ford Estate,* 431 Pa. 185, 245 A. 2d 443 (1968), the appellant argues that the evidence presented shows that there was a gift by the decedent to the appellant, thus removing the interest of the decedent and making the appellant competent to testify. This reliance on *Ford Estate* is misplaced. In *Ford* we recognized that application of the "Dead Man's Act" is difficult where there are allegations of an inter vivos gift by the decedent to the challenged donee. In such situations, both the alleged donee and the estate have an interest in the property which may be adverse

to the interest of the decedent, depending on whether the alleged transfer took place or not. We held that if a valid inter vivos transfer can be shown by independent evidence *before* the admission of any testimony by the alleged donee, the donee will be considered to represent the interest of the decedent and will be permitted to testify. Conversely, if the alleged donee fails to establish a prima facie gift by independent testimony before he takes the stand, he will not be competent to testify. Since the appellant in the instant case made no independent showing of a gift by the decedent, his interest remained adverse to that of the decedent and his testimony was incompetent under the provisions of the Act. *See, Zabek Estate,* 441 Pa. 116, 269 A. 2d 490 (1970) (concurring opinion, POMEROY, J.).

Decree affirmed. Each party to pay own costs.