### In re DIAMOND FURNISHING CO., INC., Debtor.

### DIAMOND FURNISHING CO., INC., Plaintiff,

### v.

### ESTATE OF Walter BREYMIER Richard Breymier, Defendant.

**Bankruptcy No. 5–83–00117.
Adv. No. 5–83–0285.**

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 4, 1984.

Stephen G. Bresset, Honesdale, Pa., for debtor.

Frank J. Bolock, Scranton, Pa., for defendant.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

Diamond Furnishing Co., Inc. (Diamond) commenced this proceeding by filing a Complaint to recover property of the debtor against the defendants, Estate of Walter Breymier and Richard Breymier (Breymier). Diamond alleges that prior to the commencement of this case, Walter Breymier purchased from Diamond furniture in the amount of Four Thousand Six Hundred Eighty-Four and 52/100 ($4,684.52) Dollars. Diamond further alleges this amount was due and owing at the time Diamond filed its Chapter 11 petition. Breymier responds specifically denying Diamond's allegations. At the trial of this matter, Diamond made an offer of proof regarding the substance of the testimony which was to be offered by Harold Arnovitz, who is one of the officers of Diamond. Based on Diamond's offer of proof, Breymier objected to Mr. Arnovitz' testimony because Walter Breymier died, therefore, rendering Mr. Arnovitz an incompetent witness pursuant to the Pennsylvania Dead Man's Statute. To expedite the matter, the parties stipulated that the decision in this case would center on whether the Pennsylvania Dead Man's Act would be applicable to Mr. Arnovitz' testimony. The parties further stipulated that should the Court find the testimony admissible, Diamond would be entitled to a judgment in the amount of Four Thousand Six Hundred Eighty-Four and 52/100 ($4,684.52) Dollars. On the other hand, if the Court found the testimony inadmissible under the Pennsylvania Dead Man's Statute, then judgment would be rendered for the Defendant, Breymier. For the reasons set forth herein, we find the Pennsylvania Dead Man's Act does not render the testimony inadmissible, therefore, entitling Diamond to judgment in the amount of Four Thousand Six Hundred Eighty-Four and 52/100 ($4,684.52) Dollars. The substance of Mr. Arnovitz' testimony is as follows:

1. He is an officer of Diamond Furnishing Company, currently the Plaintiff in this matter and a debtor under Chapter 11 of 11 U.S.C.

2. That during the course of the operation of Diamond Furnishing Company and prior to the commencement of this case, Walter Breymier did purchase on open account from the debtor, items of furniture in the amount of Four Thousand Six Hundred Eighty-Four and 52/100. That these items are the subject of written statements which are maintained under the Uniform Business Records Act and Diamond Furnishing in the ordinary course of business and that these statements are opened and unpaid as of this time.

Breymier, relying upon Federal Rule of Evidence 601, argues that the rule requires this Court to apply the so-called Pennsylvania Dead Man's Statute because one of the parties to the alleged transaction is deceased. Breymier further argues that Mr. Arnovitz is an incompetent witness and, therefore, his testimony should be rendered inadmissible in this matter. Diamond, on the other hand, argues that the Federal Rules of Evidence do not necessarily require that this Court apply Pennsylvania's Dead Man's Statute under the facts of this particular case, but rather the Federal Rules of Evidence would supersede, thus permitting the testimony to be received. Federal Rule of Evidence 601 provides as follows:

**Rule 601. General Rule of Competency**

Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.

The first line of Rule 601 makes virtually every witness competent to testify in Federal Court. The second sentence of Rule 601 makes applicable the State's Dead

Man's Statute when determining competency in civil actions in which State law provides the rule of decision. The pivotal factor in determining whether the Court must apply a State's Dead Man Statute pursuant to Rule 601 is establishing whether the substantive issue in the case will be decided under State or Federal law. We must note at this point that neither party argued whether the substantive issue was State or Federal. With respect to non-Federal substantive issues, the Federal Courts are bound by Rule 601's reference to State Rules of Competency. On the other hand, if this case is to be determined on Federal substantive issues, then the broad rule of competency embodied in the first line of Rule 601 will apply, making virtually all witnesses competent to testify. In this matter we are specifically dealing with Diamond's attempt to recover accounts receivable which Diamond claims are due and owing through an alleged transaction between Diamond and the deceased, Walter Breymier. Breymier's Trial Brief provides that the legal issues involved concerned general contract principles regarding oral and/or written obligations in addition to the issue of the admissibility of evidence concerning any written or oral obligations under circumstances wherein one of the parties to the alleged transaction is deceased. Generally speaking, contract issues in bankruptcy cases are normally settled according to the applicable State law. See *Matter of Patch Graphics*, 32 B.R. 373 (Bankr.W.D.Wis.1983); citing *In re Vaughn*, 26 B.R. 486, 489 (Bankr.S.D.Ohio 1983); *In re Design Craft, Inc.*, 26 B.R. 469, 475 (Bankr.W.D.Mo.1983). Even were this matter to be determined solely upon non-Federal substantive issues, we nevertheless find that Mr. Arnovitz' testimony is not rendered incompetent pursuant to the Pennsylvania Dead Man's Statute. The so-called Pennsylvania Dead Man's Statute found in 42 Pa.C.S.A. § 5930 provides in pertinent part:

§ **5930. Surviving party as witness, in case of death, mental incapacity, etc.**

Except as otherwise provided in this subchapter, in any civil action or proceeding, where any party to a thing or contract in action is dead, or has been adjudged a lunatic and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased or lunatic party, shall be a competent witness to any matter occurring before the death of said party or the adjudication of his lunacy....

▮ We must next determine whether under the particular facts of this case the witness is indeed rendered incompetent pursuant to the Dead Man's Statute. The Supreme Court of Pennsylvania in discussing the application of the Dead Man's Statute wrote:

For a person to be rendered an incompetent witness by the rule pertaining to deceased parties, he must have an interest adverse to that of the decedent. As stated in *Hendrickson Estate*, 388 Pa. 39, 130 A.2d 143, 146 (1957): "Under this exception three conditions must exist before any such witness is disqualified: (1) the deceased must have had an actual right or interest in the matter at issue, i.e., an interest in the immediate result of the suit; (2) the interest of the witness—not simply the testimony—must be adverse; (3) a right of the deceased must have passed to a party of record who represents the deceased's interest." Again in discussion of this question, this Court said in *Gaston Estate*, 361 Pa. 105, 108, 109, 62 A.2d 904 (1949): "The law applicable to the instant question was stated by Justice Gibson in Wolf v. Carothers, 3 S. & R. 240, as follows: 'To exclude a witness, it is necessary that he should have a vested interest, not in the question, but in the event of the suit. It must be an interest, that the judgment in the cause would operate upon; for if by the event, he would neither acquire or lose a right, nor incur a responsibility, which the law recognizes, he is competent. Every other kind of interest goes to credibility.'"

*Pavlinko Estate*, 160 A.2d 554, 399 Pa. 536, 544, 1960. The main witness in this case was characterized in the Stipulation as

being an officer of Diamond Furnishing Company. On the basis of the evidence and the facts as presented to this Court through the Stipulation of the parties read into the record, we are not convinced that Mr. Arnovitz, an officer of Diamond, has a certain and vested interest in the outcome of this litigation as opposed to an interest which is merely uncertain, remote, or contingent. In addition, we cannot determine whether Mr. Arnovitz would either gain or lose as the direct legal operation and effect of any judgment which this Court would render in this matter. Simply having the status of an officer of a corporation that is in the midst of litigation with one who represents the interest of a deceased party does not provide the necessary nexus needed to establish an interest adverse to the deceased party thus disqualifying the officer as an incompetent witness pursuant to 42 Pa.C.S.A. § 5930. We, therefore, find that Mr. Arnovitz is a competent witness, thus rendering his testimony admissible in this case. We also find that the Plaintiff is entitled to judgment in the amount of $4,684.52.

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.