J-A06023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FRANK A. BARONE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GILMA POSADA BARONE A/K/A MARIA G. BARONE, INDIVIDUALLY, AS OFFICER AND SHAREHOLDER OF J.P. BARONE PROPERTIES, INC., AS OFFICER AND SHAREHOLDER OF BARONE PROPERTIES, INC., AND AS OFFICER AND SHAREHOLDER OF BARONE PROPERTIES II, INC. | |
| | No. 1772 EDA 2014 |

Appeal from the Judgment Entered August 6, 2014
In the Court of Common Pleas of Wayne County
Civil Division at No(s): 394 of 2012

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                     **FILED MARCH 24, 2015**

Frank A. Barone appeals from the judgment entered on August 6, 2014, in the Wayne County Court of Common Pleas, in favor of Gilma Posada Barone a/k/a Maria G. Barone, individually, as officer and shareholder of J.P. Barone Properties, Inc., and as officer and shareholder of Barone Properties II, Inc. (collectively, "Gilma Barone"), following a non-jury trial in this unjust enrichment action, commenced on May 29, 2012.  For the reasons below, we affirm on the basis of the trial court opinion.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. *See* Trial Court Opinion, 2/6/2014, at 2-4. Therefore, we have no reason to restate them herein.

Frank Barone presents the following two issues for our review:

> I. Did the lower court err and abuse its discretion when it ruled the Dead Man's Act[1] precluded [Frank Barone's] testimony regarding the existence of a partnership between [Frank Barone] and his late brother[, Joseph Barone ("Decedent")]?
>
> II. Did the lower court err and abuse its discretion in ruling that [Gilma Barone] was not unjustly enriched by unlawfully terminating [Frank Barone] from the real estate business and refusing to pay [Frank Barone] his fair share of the profits[?]

Frank Barone's Brief at 10 (some capitalization removed).

After a thorough review of the record, the briefs of the parties, the applicable law and standard of review,[2] and the well-reasoned opinion of the

---

[1] 42 Pa.C.S. § 5930.

[2] We observe:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an

*(Footnote Continued Next Page)*

Honorable Raymond L. Hamill, we conclude Frank Barone's issues merit no relief. The trial court's opinion comprehensively discusses and properly disposes of the questions presented. *See* Trial Court Opinion, 2/6/2014, at 4-6 (finding: (1) the only evidence in this case that a partnership existed between Frank Barone and his deceased brother, Joseph Barone (Decedent) was the testimony of Frank Barone; (2) Frank Barone's testimony is precluded pursuant to the Dead Man's Act because he was incompetent to testify based on the fact that Decedent had an actual interest in the matter

*(Footnote Continued)* ————————

> error of law. However, as the issue … concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Atlantic LB, Inc. v. Vrbicek*, 905 A.2d 552, 557-558 (Pa. Super. 2006) (internal citations and quotation marks omitted). Moreover,

> our standard of review in assessing the trial court's evidentiary rulings is extremely narrow. Such decisions are referred to the court's discretion, and will not be disturbed absent both error and harm or prejudice to the complaining party. *Potochnick v. Perry*, 2004 PA Super 393, 861 A.2d 277, 282 (Pa. Super. 2004). When legal issues such as the interpretation of a rule are concerned, "our standard of review is de novo and our scope of review is plenary." *Krebs v. United Refining Co. of Pa.*, 2006 PA Super 31, 893 A.2d 776, 787 (Pa. Super. 2006). We further note that "[t]he object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a).

*Kopytin v. Aschinger*, 947 A.2d 739, 744 (Pa. Super. 2008), *appeal denied*, 964 A.2d 2 (Pa. 2009).

- 3 -

at issue, Frank Barone's interest was adverse to Decedent's interest, and the right of Decedent passed to Gilma Barone as she succeeded to his interest in accordance with his will; (3) Frank Barone did not fall within the "surviving partner" exception to the Dead Man's Act because as the alleged surviving partner, Frank Barone, had an interest adverse to the other alleged partner, Decedent; (4) Frank Barone failed to offer any competent testimony or evidence that a partnership existed between himself and Decedent and because there was no partnership, the property at issue could not be considered partnership property; (5) Frank Barone did not provide the court with any competent testimony or evidence that the property at issue was purchased with funds other than those belonging solely to Decedent; and (6) any alleged partnership that may or may not have existed between Gilma Barone and Frank Barone was not relevant to this action because in order for the property to have been considered partnership property, Frank Barone needed to establish that a partnership existed between himself and Decedent but the evidence at trial established that the property was conveyed to Gilma Barone individually by Frank Barone as executor of the Estate of Joseph Barone on March 31, 1995, and thereafter, she personally paid the expenses and taxes with regard to the property.). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/24/2015</u>

IN THE COURT OF COMMON PLEAS OF THE 22ND JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA
COUNTY OF WAYNE

FRANK A. BARONE,
           Plaintiff

VS.

GILMA POSADA BARONE a/k/a MARIA
G. BARONE, Individually, as Officer and
Shareholder of J.P. BARONE
PROPERTIES, INC., and as Officer and
Shareholder of BARONE PROPERTIES
II, Inc.,
           Defendant       :    NO.   394-2012-CIVIL

## OPINION and VERDICT

Presently before the Court is Plaintiff Frank Barone's Civil Complaint asserting a claim of unjust enrichment and requesting this Court impose a constructive trust or an equitable lien on a piece of property. A non-jury trial was held on August 26, 2013. At the non-jury trial, the parties agreed to offer into evidence the deposition of Plaintiff Frank Barone. Defendant was given until September 10, 2013, to submit a Syllabus of Objections, and Plaintiff was given until September 20, 2013 to respond to Defendant's Syllabus. The Court ruled upon the objections on November 26, 2013. Counsel stipulated to extend the time for filing post-trial findings of fact and conclusions of law from December 16, 2013 until January 3, 2014.

After consideration of all the testimony and evidence, the Court issues the following:

1



CERTIFIED FROM
THE RECORD

FEB 06 2014

EDWARD G. SANDERCOCK
PROTHONOTARY & CLERK

FINDINGS OF FACT

1. Plaintiff, Frank A. Barone, is the brother of the deceased Joseph Barone.

2. Defendant, Gilma Posada Barone a/k/a Maria G. Barone, is the widow of Joseph Barone.

3. By deed dated December 4, 1985, and recorded in Wayne County Deed Book 436, page 182, Howard Bomze granted and conveyed approximately 400 acres of land (hereinafter "Subject Property") in Manchester Township, Wayne County, Pennsylvania, to Joseph P. Barone.

4. The Subject Property was deeded to Joseph Barone individually.

5. Joseph Barone died testate December 12, 1992.

6. Plaintiff Frank Barone was appointed and served as Executor of the Last Will and Testament of Joseph Barone's Estate in accordance with the Last Will and Testament of Joseph Barone, dated April 16, 1992.

7. The Last Will and Testatment of Joseph Barone provided that the executor, Plaintiff Frank Barone, "as soon as cash is available for the purpose, ...purchase an annuity for my brother, Frank Barone, which will pay him the sum of $50,000.00 per year for the rest of his life." The rest, residue, and remainder of the Estate of Joseph Barone was devised and bequeathed to his wife, Defendant Maria G. Barone.

8. At the time of his death, Joseph Barone owned 31 pieces of real property, including the Subject Property.

2

9. By deed dated March 13, 1995, and recorded in Wayne County Record Book 1019, page 288, Plaintiff Frank Barone acting as Executor, granted and conveyed the Subject Property to Defendant Maria G. Barone.

10. Additionally, two other pieces of real property in Joseph Barone's estate were granted and conveyed to Defendant Maria G. Barone, individually.

11. The remaining pieces of real property, the income producing properties, in the Estate of Joseph Barone were conveyed to Barone Properties, Inc.

12. All conveyances were conducted by Plaintiff Frank Barone acing as the Executor of the Estate of Joseph Barone.

13. There is no evidence that Plaintiff Frank Barone objected to the conveyance of the Subject Property to Defendant Maria Barone individually.

14. The Subject Property has never been titled in the name or names of any of the corporations: J.P. Barone Properties, Inc., Barone Properties, Inc., and Barone Properties II, Inc.

15. From the date of the conveyance to Defendant Maria G. Barone, all taxes and expenses for the Subject Property were paid by Defendant Maria G. Barone from her personal accounts and not from the corporation account.

16. Any income derived from the Subject Property has accrued to Maria G. Barone, personally.

17. On the same date that Plaintiff Frank Barone conveyed the income producing properties to Barone Properties, Inc., Plaintiff Frank Barone signed an employment

3

agreement to work as an employee for Barone Properties, Inc. (Plaintiff's Exhibit 26).

18. The only evidence as to a partnership existing between Plaintiff Frank Barone and the deceased Joseph Barone came from the testimony of Plaintiff Frank Barone.

19. On January 4, 2012, Defendant Maria G. Barone terminated the employment of Plaintiff Frank Barone from Barone Properties, Inc.

20. Barone Properties, Inc. had nothing to do with the Manchester Township, Wayne County, Pennsylvania property.

## DISCUSSION

The burden of establishing that a partnership existed is on the party alleging a partnership. Kirshon v. Friedman, 36 A.2d 647, 650 (Pa. 1944). In this case, Plaintiff Frank Barone has failed to meet that burden. The only evidence in this case that a partnership existed between Plaintiff Frank Barone and the deceased Joseph Barone was the testimony of Plaintiff Frank Barone. Plaintiff's testimony however must be excluded pursuant to the Dead Man's Act (42 Pa.C.S. § 5930).

The Dead Man's Act (or "Act") provides that when a "party to a thing or contract in action is dead…neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased…shall be a competent witness to any matter occurring before the death of said party." 42 Pa.C.S. § 5930. The Act operates "to prevent the injustice that might flow from permitting a surviving, adverse party to give testimony that is favorable to himself and unfavorable to the decedent's interest, but which the decedent's representative is in no position to rebut."

4

Schroeder v. Jaquiss, 861 A.2d 885, 889 (Pa. 2004)(citing In re Estate of Hall, 535 A.2d 47, 53 (Pa. 1987)). Three conditions must be met before a witness is disqualified: 1) the deceased had an actual right or interest in the matter at issue; 2) the interest of the witness is adverse to the decedent; and, 3) the right of the deceased passed to a party of record who represents the deceased's interest. In re Hendrickson's Estate, 130 A.2d 143, 146-47 (Pa. 1957).

Applying the three conditions to the testimony of Plaintiff clearly indicates that Plaintiff Frank Barone is incompetent to testify as to the existence of a partnership between Plaintiff Frank Barone and the deceased Joseph Barone. The deceased Joseph Barone clearly had an actual interest in the matter at issue; Joseph Barone purchased and titled the Subject Property in his name. The interest of Plaintiff Frank Barone is adverse to the interest of the deceased Joseph Barone; Plaintiff Frank Barone is attempting to have the Subject Property placed in a constructive trust for his benefit. Finally, the right of the deceased Joseph Barone passed to the Defendant Maria Barone as she succeeded to his interest in accordance with Joseph Barone's Last Will and Testament. It is clear to this Court that Plaintiff Frank Barone is incompetent to testify as to the existence of a partnership between Plaintiff and the deceased Joseph Barone.

At trial, Plaintiff alleged that he fell within the "surviving partner" exception to the Act. Plaintiff, however, has misconstrued that exception. The exception provides that a surviving partner is not excluded from testifying when the matter involves the surviving partner and the other party on the record or when the matter involves a surviving partner and a person having an interest adverse to the surviving partner. 42 Pa.C.S. § 5930. In the

5

instant case, the alleged surviving partner, Plaintiff Frank Barone, has an interest adverse to the other alleged partner, Joseph Barone. As such, the Plaintiff does not fall within the surviving partner exception.

Plaintiff Frank Barone failed to offer any competent testimony or evidence that a partnership existed between the Plaintiff and the deceased Joseph Barone. Because there was no partnership between the Plaintiff and Joseph Barone, the Subject Property was not partnership property. Furthermore, Plaintiff Frank Barone has not provided this Court with any competent testimony or any evidence that the Subject Property was purchased with funds other than those belonging solely to the deceased Joseph Barone.

Any alleged partnership that may or may not have existed between Defendant Maria G. Barone and the Plaintiff is not relevant to this action. In order for the Subject Property to have been considered partnership property, Plaintiff Frank Barone needed to establish that a partnership existed between Plaintiff Frank Barone and the deceased Joseph Barone. The evidence at trial established that the Subject Property was conveyed to Defendant individually. The Subject Property was never included in Defendant's corporations, nor did any of the corporations pay for the expenses or taxes of the Subject Property.

Based upon the foregoing findings of fact, this Court must find that Plaintiff Frank Barone has failed to meet his burden of establishing that a partnership existed and that the Subject Property was purchased with partnership funds. Accordingly, the Court enters the following:

## VERDICT

AND NOW, to wit, this _____ day of February, 2014, after a non-jury trial, this Court finds in **FAVOR** of Defendant, Gilma Posada Barone, a/k/a Maria G. Barone, individually, as Officer and Shareholder of J.P. Barone Properties, as Officer and Shareholder of Barone Properties, Inc., and as Officer and Shareholder of Barone Properties, II, Inc., and **AGAINST** Plaintiff, Frank A. Barone.

BY THE COURT

RAYMOND L. HAMILL
PRESIDENT JUDGE
22ND JUDICIAL DISTRICT


cc:     Howard M. Levinson, Esq.
        Mark Zimmer, Esq.
*NH*

7